JOSEPH STEEN, ADMR. v. ALBERT BENNETT AND CHESTER W. SARGEANT.

*Probate Court.   Decrees within its proper sphere conclusive.*

The matter of appointing and removing administrators is a matter exclusively within the jurisdiction of the probate court, and a decree of this kind cannot be attacked in a collateral manner more than any other judgment.

The entry in the county court of the name of the second administrator is a matter of course, it is a thing which the county court could not legally refuse; and it is not important, that he should be designated *de bonis non.*

ASSUMPSIT upon a promissory note executed by the defendants to Seth Herrick in his life time.

Plea general issue, and trial by jury.

It appeared that the action was brought to the county court by Oshea Smith, administrator of Herrick, and in whose name it was entered.   It further appeared that at the September Term 1850, the action stood on the docket of that term in the name of said Smith, administrator, as aforesaid, and that his counsel without leave obtained from the court for that purpose entered the name of Joseph Steen, upon the docket as administrator *de bonis non.*

That upon trial of the cause at that term, said Smith was offered as a witness for plaintiff, defendants objected and the court rejected him.   The plaintiff then offered a certificate duly attested by the register of probate for the district of Marlboro', setting forth that said Smith had resigned the office of administrator of said Herrick, and that said Steen had been duly appointed by said probate court administrator *de bonis non* of said Herrick.   The county court sustained the objection and excluded the testimony of said Smith.

It further appeared that said cause was continued to the April term, 1851, and on the docket of said term stood as when first entered; and the entry of said Steen did not appear.

At the September term, 1851, the case stood upon the docket in the name of said Steen, administrator, and *so stood* when the case came to trial, but was so without leave of court, and without consent of the defendants.

The plaintiff proved the execution of the note, and for the pur-

pose of proving title of said Steen, offered the certificate aforesaid; to its admissibility the defendants objected:

1. That the probate court had no power to accept the resignation of said Smith as general administrator of said Herrick, nor to appoint a successor on such resignation.

2. If the court had such power in the premises; still the certificate was not the proper instrument of evidence to prove that the court had ever exercised the power in the manner that the certificate recited.

Both objections were overruled *pro forma* and the certificate went to the jury, who returned a verdict for plaintiff.

Exceptions by defendant. The certificate referred to was as follows:

" STATE OF VERMONT, }
" *Probate Dist. of Marlboro.* }

" Register's office, Brattleboro, Sept. 23, 1850.

" I hereby certify that upon the resignation of Oshea Smith as " administrator upon estate of Seth Herrick, late of Brattleboro, "'deceased, this day filed in court, Joseph Steen is hereupon ap- " pointed upon the estate of the said deceased, and the said Oshea " Smith is discharged.

(Attest) F. HOLBROOK, *Register."*

———————— ———————— for defendants.

Courts of special and limited jurisdiction must not only act within the scope of their jurisdiction, but it must appear on the face of their proceedings that they so acted, or their proceedings will be void. *Hunt* v. *Hapgood et al.*, 4 Mass. 117. *Sumner* v. *Parker*, 7 Mass. 78. *Clapp* v. *Beardsley*, 1 Aik. 168. *Walbridge* v. *Hall*, 3 Vt. 114.

2. The probate court is a court of special and limited jurisdiction, and derives all its authority from Statute. *Hendrick et al.* v. *Cleaveland*, 2 Vt. 329.

3. The statute confers no express power upon the probate court to accept the resignation of an administrator. Does it contain any implied power? Comp. Stat., Chap. 50, § § 13, 15 and 12. If the statute gives neither *express* or *implied* power to accept such resignation, then by so doing the court exceeds its jurisdiction, and the act or decree is void.

4. It was decided in *Sears* v. *Dillingham et al.*, 12 Mass. 368—that an executor after probate of the will, accepting the trust and giving bond could not renounce the trust. We see no reason why the same rule should not apply to administrators.

5. The certificate is not the proper evidence of the facts it recites, unless made so by statute. Comp. Stat., Chap. 47, § § 3, 4.

We think it will not be contended that any thing short of the duly attested copy of the record would be admissible to show the acts of the court under Sec. 13 of Chap. 47, Com. Stat., and if a *removal* cannot be proved by a certificate of this description, we think a *resignation* of an administrator cannot.

——————— ———————— for plaintiff.

1. Steen was rightly and legally appointed. Comp. Stat. Chap. 50, § § 13 and 15.

2. Whether he was or not, neither this court, or the county court have any power in the premises. It was an act or decree of the probate court within its exclusive jurisdiction, unappealed from, therefore conclusive. *McFarland Adm'r.* v. *Stone*, 17 Vt. 165. *Administrator of Tryon* v. *Tryon et al.*, 16 Vt. 313. *Willard* v. *Willard*, 2 Mass. 124.

3. Steen having been legally appointed an administrator *de bonis non*, had a right to appear in the court below, and prosecute the suit commenced by the former administrator, without leave of that court or any other, it being given him by statute. Comp. Stat., Chap. 50 § 16.

4. The certificate was sufficient evidence of the appointment, and was rightfully admitted. Comp. Stat., Chap. 47 § 4. *Seymour's Adm'r.* v. *Beach et al.*, 4 Vt. 493.

By the Court. It has been repeatedly decided by this court, that a decree of the probate court, within its proper sphere of jurisdiction, is equally conclusive, as that of any court of general common law jurisdiction, and entitled to the same presumptions in its favor. The matter of appointing and removing administrators is a matter exclusively within the jurisdiction of that court, and if nothing more appeared in regard to the appointment of a new administrator, than the fact, it must be presumed that a vacancy occurred, in some legal mode, unless the contrary appear upon the face of

the decree. Here it appears to have been upon the resignation of the former administrator, without assigning the ground of the resignation. As the decree was not appealed from, we must premise it was upon some sufficient and legal ground. A decree of this kind cannot be attacked in this collateral manner, more than any other judgment. This is not a matter in which the defendant has any interest, except to have the judgment a bar to any future suit.

The entry in the county court of the name of the second administrator, is matter of course; it is a thing which the county court could not legally refuse. And it is not important, that he should be designated *de bonis non.* Every administrator, after the first, is so in fact, and it is not important it should so appear of record.

The Compiled Statutes, Ch. 47, Sec. 4, expressly provides, that " certificates of probate, of administration, &c., may be given in evidence and have the same effect, as the letter of administration," i. e. it is sufficient to prove the appointment of the administrator, and that is all that is necessary in the present case. The rest, as we have seen, is matter of intendment, and legal presumption.

Judgment affirmed.