# Green's Administrator. *v.* Scarborough.

### *Real Action in Nature of Ejectment.*

1. *Judicial acts of state courts in* 1861–65, *and proof of their records.* — The judicial acts of the courts of this State in 1861–65 are not void, and their records, having passed into the keeping of corresponding officers of the present courts, are provable in the same manner as the records of the present courts.

2. *Grant of letters of administration de bonis non.* — A grant of letters of administration *de bonis non* cannot be held void in a collateral proceeding, because it does not show the appointment and removal, resignation, or death of the prior administrator.

3. *Administrator de facto.* — A person who was appointed administrator *de bonis non* by a Probate Court of this State in 1862, on the ground that the administrator in chief was then absent in the army of the Confederate States, and who continued to act in that capacity until 1867, when his appointment was revoked and declared null and void, is to be regarded as an administrator *de facto;* a payment of money to him by the purchaser of lands sold by the administrator in chief, and his deed to the purchaser, are both valid.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. L. B. STRANGE.

This action was brought by C. M. Hooper, as the administrator *de bonis non* of the estate of Hartwell B. Green, deceased, against R. P. Scarborough, to recover the possession of a certain tract of land in said county, which belonged to said H. B. Green at the time of his death, and was sold on the 29th day of January, 1862, by W. W. Harris and John W.

Purifoy as his administrators, under an order of the Probate Court of said county; the defendant claiming title under the purchasers at said administrators' sale. Letters of administration on the estate of said H. B. Green were granted to said Harris and Purifoy, by the Probate Court of said county, on the 4th day of December, 1861. They filed their petition in said Probate Court on the 9th December, 1861, asking an order to sell the lands, on the ground that they could not be equitably divided without a sale; and the order was granted on the 28th January, 1862. The order required that notice of the sale should be given, by advertisement in a newspaper for three successive weeks; and the report of the sale, which was on oath, stated that the notice had been given as required by the decree, although it alleged that the sale was made on the 29th day of January, the day after the decree was rendered. The sale was confirmed on the 14th April, 1862, and the administrators were ordered to make titles to the several purchasers when the purchase money was paid. At the October Term of said Probate Court, 1862, letters of administration *de bonis non*, on the estate of said H. B. Green, were granted to John A. Green; "said W. W. Harris," as the order recited, "having departed this life, and John W. Purifoy, the other administrator, being absent from the State, in the army of the Confederate States." In May, 1867, said John A. Green filed his accounts and vouchers for a final settlement of his administration; but in July, 1867, before any settlement was made, his letters were declared null and void, on the application of said John W. Purifoy, and the final settlement filed by him was ordered to be dismissed from the court. In February, 1869, said Purifoy's letters of administration were revoked, and administration on the estate of said H. B. Green was committed to the plaintiff in this suit, as the general administrator of the county.

The facts above stated were shown by the records of said Probate Court, which were offered in evidence by the plaintiff, and also a transcript thereof, duly certified by the judge of said Probate Court. The defendant objected to the admission of the transcript, and also of the original records, "on the ground that there is no way provided by law for proving the contents of the records of the so-called courts of probate during the war; which objection the court sustained, and excluded the evidence, on the ground that nothing that transpired in a so-called court of probate, held in this State during the war, could be proved in a Circuit Court now, either by a transcript or by the original books and papers; to which ruling of the court the plaintiff excepted." The court also excluded, on the defendant's objection, the decree of said Probate Court

[Green's Administrator *v.* Scarborough.]

granting letters of administration *de bonis non* to the plaintiff, " because said decree showed on its face that said court had no jurisdiction to appoint an administrator *de bonis non;* " to which ruling also the plaintiff excepted.  The defendant was allowed to prove, against the plaintiff's objection, that the purchasers of the land, at the said administrators' sale, paid the purchase money, according to the terms of the sale, to said John A. Green, and received from him a deed for the land, which was signed by him as administrator *de bonis non;* and to the admission of this evidence the plaintiff excepted.  In consequence of these rulings of the court on the evidence, the plaintiff was compelled to take a nonsuit, which he now moves to set aside, assigning as error all the rulings of the court, to which, as above stated, he reserved exceptions.

GEO. D. & G. W. HOOPER, for appellant.

W. FALKNER, *contra.*

B. F. SAFFOLD, J.—On the 4th of December, 1861, Harris and Purifoy were appointed administrators of the estate of Hartwell B. Green.  In April, 1862, they sold the lands of the estate under an order of the Probate Court.  In October, 1862, John A. Green was appointed administrator *de bonis non*, Harris having died, and Purifoy " being absent from the State in the army of the Confederate States."  No record appears of the formal removal of Purifoy.  While acting as administrator, Green executed a deed to the purchaser, under whom the appellee claims.  In 1867, the appointment of Green was set aside as null and void, on the ground that Purifoy had been only temporarily absent from the State, and " had not been released in any manner from said administration."  In 1869, Purifoy, who had been considered the administrator since the annulment of Green's letters, was removed, and the appellant appointed.  The said appellant now sues the appellee (Scarborough) in ejectment to recover the land in his possession.  On the trial, the court excluded as testimony the records of the Probate Court in reference to the appointment of the several administrators, and other orders pertaining to the administration, on the ground that nothing which had transpired in a court of the insurgent state government could be proved in the present lawful courts of the State, either by a transcript or by the original books and papers of such court.  The record of the appointment of the plaintiff as administrator *de bonis non*, in 1869, was also rejected, on the ground that, as it was apparent there had been no administration in chief, the Probate Court had no jurisdiction to appoint such an administrator.

[May v. Sharp.]

The deed made by the administrator, Green, to the vendee from whom the defendant purchased, was received in evidence.

As a matter of fact, it is well known, that the records of the courts in this State, under the insurgent domination, passed into the keeping of a corresponding officer of the present courts. They are, therefore, to be proved in the same manner as the records of the present courts. If any doubt of this existed, the practice would be warranted by Rev. Code, § 2695. The acts of those courts are not void. *Ryland* v. *Griffin*, 45 Ala. 688. An order of the Probate Court granting letters of administration *de bonis non* cannot be held void in a collateral proceeding, because it does not show the appointment and removal, resignation, or death, of the prior administrator. *J. Kelheimer* v. *Chapman*, 32 Ala. 676. The vendee of the land could not have resisted the suit of John A. Green as administrator for the collection of the purchase money, and, therefore, he was at liberty to pay it. Green was an administrator *de facto*. The subsequent revocation or setting aside of his letters, and the appointment of another administrator, cannot invalidate the payment. *Allen* v. *Dundas*, 3 T. R. 125; 2 Phil. Ev. 76, and note 2. The deed from Green was properly admitted in evidence.

The judgment is reversed, and the cause remanded.