P. J. WILLIS & BRO. v. GREEN FERGUSON.

(Case No. 993.)

1. CASE APPROVED.— The decision in this case on former appeal (46 Tex., 496) approved and followed.

2. ADMINISTRATION.— An independent executrix, under will, openly declared her purpose to have nothing to do with the estate, refused to return an inventory, and requested the county judge to appoint as administrator *de bonis non* her son. *Held*, that these facts tended to show that the county judge acted on sufficient evidence in declaring the estate vacant, and a purchaser of land, sold under order of court by the administrator *de bonis non*, was protected as against a collateral attack calling in question the legality of the administration.

3. PURCHASER PENDENTE LITE.— While a purchaser *pendente lite* is bound by the judgment rendered in the cause in reference to the property in litigation which is purchased by him, his rights are not affected by proceedings seeking only a moneyed judgment against the vendor and having no reference to the property purchased. Nor would the fact that an attachment, which had been quashed, was once levied on the land, which was bought pending proceedings to obtain a moneyed judgment, constitute the purchaser a purchaser *pendente lite*.

4. LIEN OF JUDGMENT.— Under the laws in force in 1867 a judgment became a lien upon land of the debtor situate in a county other than that in which it was rendered from the time when a transcript of such judgment should be filed for record in such other county; but the lien ceased if execution was not issued upon such judgment within one year from the first day upon which execution could issue thereon.

APPEAL from Montgomery. Tried below before the Hon. James Masterson.

This case is stated in the opinion delivered on a former appeal by Chief Justice Roberts. 46 Tex., 500.

The facts offered in evidence on the first trial and excluded by the court were again offered on the second trial and admitted in accordance with the former opinion, and were as follows:

1. Last will of Gen. John M. Lewis.

2. Depositions of Mrs. Susan M. Lewis, to the effect that she abandoned the executrixship of said will and requested the appointment of her son as administrator of said estate, with the will annexed.

3. Application of John M. Lewis, Jr., for letters of administration.

4. Order of court making the appointment August 28, 1867.

5. Bond and qualification of John M. Lewis, Jr., as administrator, September 14, 1867.

6. Inventory of estate, returned 15th October, 1867, by J. M. Lewis, Jr., as administrator.

7. Administrator's application for sale of lands, including land in controversy.

8. Order of court to sell these lands made November 6, 1869.

9. Order of court confirming sale of Peel tract alone (three hundred acres of the land in controversy), made and entered January 31, 1870.

10. Deed from administrator to Jesse McCaleb, the purchaser, of date February 8, 1870, for the land in controversy.

11. Deed from Jesse McCaleb to defendant Ferguson to the same land, of date February 25, 1870.

In addition to these, other orders and proceedings had in the probate court were introduced as evidence showing the recognition of John M. Lewis, as administrator, by the court for a period of more than five years next preceding the rendition of the judgment in case No. 1567, which seemed to establish the fact that Mrs. Susan M. Lewis had abandoned the executresship of the will.

No brief on file for appellant.

*L. A. Abercrombie*, for appellee, on the doctrine of *lis pendens*, cited 46 Tex., 496; Giddings *v.* Steele, 28 Tex., 750; 20 Tex., 429; Darcy *v.* Stricklinge, 15 Tex., 557; Mix *v.* Johnson, 9 La. An., 113; Grant *v.* McKinney, 36 Tex., 62; Burdett *v.* Silsbee, 15 Tex., 617; McPherson *v.* Caudiff, 11 Serg. & R., 422; Thomson *v.* Tolmin, 2 Pet., 157; 1 Story's Eq., sec. 405; Edmonds *v.* Crenshaw, 1 McCord's (S. C.) Eq., 146, 252; Lewis *v.* Meir, 1 Strobh. (S. C.) Eq., 180; 5 Leigh, 627; 1 Hoff. C. R., 153; Lewis *v.* Madison, 1 Munf., 303; Low *v.* Pratt, 53 Ill., 438; Miller *v.* Sherry, 2 Wall., 237; Griffith *v.* Griffith, 9 Paige, 317.

On the question of jurisdiction, he cited Mims *v.* Mitchell, 1 Tex., 443; 1 Gra. & Wat. on New Trials, 301.

WILLIE, CHIEF JUSTICE.— This cause was before this court on appeal several years ago, and will be found reported in the 46th volume of Texas Reports. The facts of the case there differ from those brought before us for consideration in the present appeal in but one material respect. The evidence offered by the appellee to sustain his title to the land, and which was excluded by the district judge, which exclusion was held error in the opinion then delivered, was admitted upon the subsequent trial of the cause, and comes before us now as a part of the statement of facts in the record.

Judge Roberts, in delivering the opinion of the court on the first appeal, held that this evidence of title in the appellee having been excluded, he stood in the attitude of a naked possessor of the land, and could not attack collaterally the judgment under which the appellants claimed. He further said that had the evidence been admitted, it would have shown an interest of the defendant in the land anterior to the rendition of the judgment of 1872, under which the plaintiffs claim their title, which would have relieved the defendant from the attitude of a naked possessor, and required the plaintiffs to have shown additional facts not developed in this case, which would either reach back to maintain the validity of the plaintiffs' title, or would have the effect to vitiate the title of the defendant. Upon the second trial we find no evidence adduced which carries the inception of plaintiffs' title any further back than the date of the judgment in cause No. 1567, viz., September 10, 1872. The attachment sued out in that cause during its progress, and which was levied on the land in controversy, was quashed in the very judgment rendered therein for the plaintiffs, and hence can have no effect in giving to them a lien dating back to the time it was levied.

Admitting that this judgment was properly rendered and that Ferguson could not attack it collaterally in this cause, its lien does not extend further back than the date of the rendition of the judgment itself. The title of appellee is traced to an administration of John M. Lewis, Jr., upon the estate of John M. Lewis, Sr., during which a sale of the land in controversy took place, by order of the county court sitting in probate matters. This sale occurred December 4, 1869, and was duly confirmed January 31, 1870. The deed from the administrator to the purchaser, McCaleb, was made February 8, 1870, and McCaleb conveyed to the appellee, Ferguson, on the 25th of the same month. If the county court was authorized to have the sale made, the title of appellee antedates the judgment lien under which Willis & Bro. claim the land more than two years.

To avoid this the latter contend that the whole proceedings of

the probate court, by which the land was sold, were null and void, for the reason that John M. Lewis, Jr., who procured the order of sale and sold the land under it, was not the administrator of the estate; and that the estate was in course of administration outside of that court by Mrs. Susan M. Lewis as "independent" executrix of her husband, John M. Lewis, Sr.  That John M. Lewis, Jr., was appointed such administrator by the county court is not disputed; nor is it denied that he accepted, qualified, gave bond and acted as such for years, and that his acts were recognized by the court appointing him and persons interested in the estate.  It is said, however, that the court, in appointing him, acted without authority, because there was at the time an executrix of the estate in charge of it who had not resigned nor been discharged from her trust.  In deciding this point upon the former appeal (46 Tex., 504), this court said that a resignation of the executrix or a removal of her by order of court would conclusively establish a vacancy in the administration of the estate.  But it would not follow that a court of competent jurisdiction, called upon directly to act upon it, might not arrive at and determine the fact of abandonment upon other and different evidence of it; and that ordinarily the act of granting letters of administration upon such an application might well raise the presumption that it had been determined upon some competent evidence, in the absence of proof to the contrary sufficiently apparent from the record to vitiate the proceedings.  Adhering to these views of the learned chief justice delivering that opinion, and finding nothing in the record to show that the county court, in making the appointment of an administrator *de bonis non* of the estate of John M. Lewis, Sr., acted upon insufficient evidence, or facts that would vitiate his order, we can but hold that the presumption in favor of that order became conclusive of its validity.  Indeed, the facts proven on the second trial of the cause tended to show that the county judge acted upon sufficient evidence in declaring the estate vacant and ready for the appointment of an administrator *de bonis non*.  The executrix had openly declared her intention to have nothing to do with the estate; had refused to return an inventory of it; had abandoned the executrixship and requested the county judge to appoint an administrator *de bonis non*, naming her son, John M. Lewis, Jr., as the person she wished to be appointed.

We think these circumstances strengthen the presumption in favor of the action of the county court, as against a collateral attack, and that the proceedings had in the administration, as before recited, passed the title to the land in controversy to McCaleb, to whose rights the appellee in this cause has fully succeeded.

An attempt has been made to show that the finding of the court in the original judgment recovered by Willis & Bro. against Mrs. Lewis and her son is binding upon Ferguson, because McCaleb bought during the pendency of the suit in which that judgment was obtained. It is attempted to apply the doctrine that *lis pendens* is notice to the world to the purchaser pending that suit. There was no property in litigation in the case. It was a suit to recover a moneyed judgment, and not for title or possession of the land. Although an attachment had been sued out and levied upon the Peel tract in that case, yet this attachment was afterwards quashed, the result of which was to declare it void *ab initio*, and the cause remained as if no attachment had ever been issued. A purchaser *pendente lite* is bound by the judgment rendered in the cause in reference to the property in litigation. The conveyance to him is not annulled, but his title is made subservient to the rights of the parties in litigation. 1 Story's Eq., secs. 405, 406. As no right to the land was being contested in the cause, and none was determined by the judgment, it had no more effect upon the purchases of McCaleb and Ferguson than would a suit and judgment for money alone against Mrs. Lewis and John M. Lewis, Jr., no matter what may have been the grounds upon which such moneyed judgment was rendered.

The appellants further seek to sustain their title to one-half of the land by reason of their purchase at sheriff's sale under the judgment of Jagers and Byrd against Mrs. Susan M. Lewis, the property being the community estate of Mrs. Lewis and her husband, J. M. Lewis, Sr. This judgment was obtained in Polk county October 8, 1866, and was recorded in Montgomery county March 22, 1867, and, so far as the record shows, the first execution upon it was issued July 23, 1872. By the law then in force, a judgment became a lien upon land of the debtor situated in a county other than that in which it was rendered from the time when a transcript of such judgment should be filed for record in such other county, *provided* that the lien should cease and become inoperative, if execution should not be issued upon such judgment within one year from the first day upon which such execution could by law be issued thereon. As no execution issued upon this judgment for more than five years after its rendition, all lien acquired by its record was lost, and the lien created by the levy of the execution was the only one from which appellants could derive any benefit. The land in controversy was levied upon under that execution August 1, 1872, long after the title had passed by purchase to the appellee Ferguson, and it was not subject to such levy.

This disposes of all the points raised by the record which were not decided on the former appeal. We think there is no error apparent upon the record for which the judgment should be reversed, and it is accordingly affirmed.

AFFIRMED.

[Opinion delivered March 20, 1883.]