WALKER G. MERIWETHER, Plaintiff in Error, v. H. V. P. BLOCK, Executor, etc., Defendant in Error.

St. Louis Court of Appeals, May 22, 1888.

RES JUDICATA—REMOVAL OF EXECUTOR.—An application for the removal of an executor, under Revised Statutes, section forty-three, is a proceeding *in rem*, and the matters therein determined, including the existence of a sufficient cause for the executor's removal, are *res judicata* as to all the world; so as to bar inquiry into them in a subsequent proceeding instituted for the same purpose, even by a different complainant. But where the acts of the executor, done since the institution of the first proceeding, are so intimately blended with those that were done before it, that proof of the former acts is necessary in order to develop the meaning and effect of the subsequent acts, such former acts may be proved as tending to show causes for removal which have transpired and occurred after the institution of the former proceeding. And in order to effect this, it may be necessary and proper to introduce evidence of the whole course of the executor's administration of the affairs of the estate.

ERROR to the Lincoln Circuit Court, HON. E. M. HUGHES, Judge.

*Reversed and remanded.*

MARTIN & AVERY, E. T. SMITH, and GEO. T. DUNN, for the plaintiffs in error: Walker G. Meriwether had no such natural or successive relationship to M. A.

E. Meriwether, or her property interest in the estate of Geo. D. Meriwether, as to make him a privy to her.  He is neither her personal representative, heir, devisee, legatee, assignee, voluntary grantee, or judgment creditor, or purchaser from her with notice.  He must be one of these to be bound by a judgment against her.  *Henry v. Wood*, 77 Mo. 277, 281 ; *Haley v. Bogley*, 37 Mo. 364 ; Greenl. Evid., sec. 189.  The judgment did not affect or operate upon the condition of the estate, but only upon defendant's relation to it.  Its conclusive effect could not be greater upon persons not parties to it than would be the judgment of the probate court in granting letters of administration upon persons not parties thereto as to the fact of death of the person whose estate was being administered.  In such cases, though a proceeding *in rem*, the judgment does not conclude persons who are not parties.  *Bingham v. Fayerweather*, 1 N. E. Rep. 736 ; *Carroll v. Carroll*, 60 N. Y. 121 ; *Emmert v. Stouffer*, 3 Cent. Rep. 236 ; *Haight v. Brisbin*, 100 N. Y. 219.  The proceeding and judgment was *in personam*, not affecting or assuming to affect the estate or *res*.  And persons not parties to it are not concluded.  *Durant v. Abendroth*, 97 N. Y. 132.  If the judgment in that case is binding upon plaintiff it would be equally binding upon creditors.  They have the same right, under section forty-three, Revised Statutes, that heirs or legatees have.  The settlements made prior to the judgment in the M. A. E. Meriwether case show that he charged the estate interest on all cash balances due him.  In his settlement made since the judgment of October, 1886, when cash balances were due the estate from rent of the Aberdeen farm, he fails to charge himself with interest.  This last act might be innocent in itself, but when taken in connection with his acts upon the same subject prior to the judgment, shows his purpose to take every advantage of the estate—one act is necessarily connected with and in explanation of the other.  There was no such privity of relation or estate between M. A. E. Meriwether and the plaintiff as would bind the latter by an

adjudication for or against the former in an action in which he was not a party. Freeman on Judg., sec. 171*a;* *Christman, Adm'r, v. Harman,* 26 Am. Rep. 387 ; *Hill v. Stevenson,* 18 Am. Rep. 231 ; *Durant v. Abendroth,* 97 N. Y. 132 ; *Norcross v. Hudson,* 32 Mo. 227 ; *Strass v. Ayres,* 87 Mo. 349. Walker G. Meriwether had no such natural or successive relationship to M. A. E. Meriwether, or her property interest in the estate of Geo. D. Meriwether, as to make him a privy to her. He is neither her personal representative, heir, devisee, legatee, assignee, voluntary grantee, or judgment creditor, or purchaser from her with notice. He must be one of these to be bound by a judgment against her. *Henry v. Wood,* 77 Mo. 277, 281 ; *Haley v. Bagley,* 37 Mo. 364 ; Greenl. on Evid., sec. 189.

.W. H. BIGGS and R. H. NORTON, for the defendant in error : The defendant contends that the judgment in the former trial was conclusive upon the complainant in this cause for the following reasons : (1) Because the proceeding was in the nature of a proceeding *in rem ;* (2) because the appellant and M. A. E. Meriwether are privies in estate. Wells, Res Adjudicata, 506. It has been held that the probate or proof of a will is a proceeding *in rem* because it determines the *status* of the subject-matter and that the judgment in reference thereto binds all parties, whether parties to the record or not. *Woodruff v. Taylor,* 20 Vt. 73 ; *Fry v. Taylor,* 1 Head. 595 ; *Caskpan v. Dexter,* 13 Gray, 332. Also cases of marriage and divorce are held to be proceedings *in rem,* because judgments and decrees therein fix and define the *status* of the parties. *Greene v. Greene,* 2 Gray, 363. Also as to matters of pedigree. *Ennes v. Smith,* 14 How. 430. And matters of partition as to unknown heirs. *Kane v. Canal Co.,* 15 Wis. 179. Appellant and M. A. E. Meriwether are privies in estate. If this be true then the former is clearly estopped and bound by the judgment in the former suit.

The term privity denotes mutual or successive relation-ship to the same rights of property. *Crispin v. Han-novan*, 50 Mo. 415, and cases cited ; *Cooley v. Nonen*, 53 Mo. 166.

ROMBAUER, P. J., delivered the opinion of the court.

In September, 1865, George D. Meriwether made his will, containing among others the following pro-visions : (1) Appointing his brother-in-law, Henry V. P. Block, sole executor, and directing him to sell all real and personal estate in the manner, time, and place he may think best. (2) Directing the payment of a legacy of five thousand dollars to his cousin, Elizabeth M. A. Miller. (3) Constituting his son, Walker G., residuary devisee and legatee.

After making the will the testator married his cousin, the legatee Miller, and when he died, in 1874, he left his widow and son as sole legatees and devisees of his estate under the provisions of the will above recited.

The executor named in the will took possession of the estate as such upon the decease of the testator, under letters testamentary, and has been in possession ever since.

On January 29, 1887, the plaintiff, residuary devisee as aforesaid, filed his complaint in the probate court, alleging that the executor was guilty of a violation of his duties, assigning a number of acts of mismanagement on his part, and praying for his removal. The defendant executor answered denying all charges of mismanage-ment, and stating as an affirmative defence, "that plain-tiff and one M. A. E. Meriwether were the only heirs of said estate ; that in 1885 the said M. A. E. Meriwether filed in the probate court of Lincoln county a complaint asking for the removal of defendant as executor of said estate, in which the same causes for defendant's removal were urged as in the complaint of plaintiff in this suit ; that said former complaint was tried in the probate court, and on appeal was re-tried in the Lincoln

county circuit court, at its March term, 1886; that on said trial, there was a full, complete, and final determination of all matters and things set forth in said complaint, and that the decision of the said circuit court therein was, that there was no cause shown for the removal of defendant as executor of said estate, and said proceeding was dismissed; that plaintiff Walker G. Meriwether was present at the trial of said cause, and testified as a witness for defendant."

On the trial of the cause in the circuit court (on appeal from an order of the probate court removing the executor), the plaintiff gave evidence tending to show irregularities in the administration of the estate anterior to the trial of the cause of M. A. E. Meriwether against the defendant. These irregularities were of a character which, remaining unexplained, would have furnished ground for the executor's removal. The plaintiff also gave evidence tending to show that since the institution of the former suit the executor had sold some real estate, part of the estate entrusted to him, for less than its reasonable value. But there was no evidence showing any bad faith on part of the executor in these sales, and it cannot be contended that the acts of the executor in making such sales, standing alone, furnished any ground for his removal.

The plaintiff also gave evidence tending to show the following facts: When Meriwether, the testator, died in 1874, the defendant lived on some lands in Pike county known as the Aberdeen farm, consisting of about eight hundred acres in cultivation. Of this farm, the estate owned 21-32 parts, and the defendant's wife the remainder, so that the defendant, by right of his wife, was a tenant in common to the extent of about one undivided third. The defendant continued to occupy this farm until its sale in 1886. He made settlements in the probate court in 1875, 1876, 1877, 1880, and 1885. In neither of these settlements did he charge himself with any rent of the Aberdeen farm. He testified on the subject as follows: "At the trial of M. A. E. Meri-

wether in 1886, in the Lincoln circuit court, she complained and urged as a ground of my removal that I had failed to charge myself with the rent of the Aberdeen farm. I had asked Judge Bonfils, the probate judge of Lincoln county, who was probate judge when the administration begun, in reference to this, and he had informed me that all this matter of rent had better be adjusted in a final settlement. After this suit had been dismissed by the court, my attorneys informed me that I had better charge myself with the rent of the Aberdeen farm in my next settlement. As I was a party interested, I thought the rental value of the farm ought to be fixed by disinterested parties." The defendant further stated: "In determining the rents which I ought to charge myself with for the Aberdeen farm, I thought it best to take the opinion of some disinterested men; with this in view, I asked Mr. Pew, Mr. Stoneberger, Mr. Wallace, and Mr. McCune, who were entirely disinterested and were acquainted with the farm, to get together and determine what would be a reasonable rental value for the farm since I had occupied it. I explained to them that I had only charged the estate for all new buildings and new fencing, and that any labor done by my own force on said buildings or fences, I charged nothing for that. I charged nothing for clover or timothy seed. They went themselves and agreed upon the amount which I carried into my settlement of October 13, 1886."

The defendant also stated: "In the former trial, one cause for my removal, as urged, was that I had failed to account for any rent at all for the Aberdeen farm. The reason why this was not done was fully and satisfactorily explained to the judge who tried the case."

It further appeared by the evidence, that the defendant had failed to charge himself with interest on moneys of the estate in his hands at any of the prior settlements, and had also failed to take credit for commissions on disbursements, but that, in his settlement

made in October, 1886, he did take credit for $1,663.20, on account of moneys disbursed for the estate, as shown by his various settlements since 1875, but did not charge himself with any interest.

When the defendant, introducing his evidence, disclosed that he intended to rely in part upon the former adjudication, the counsel for plaintiff made the following admission :

"It is here admitted by the counsel for the complainant that in the trial of the case of M. A. E. Meriwether against the defendant, there was a full and complete investigation of all matters growing out of the administration of said estate by defendant up to the date of said trial, to-wit, in April, 1886 ; that the same causes for removal of defendant as executor of said estate were urged in that case as are now urged in this case, except what has happened in said administration since said trial, and that the judgment in said former case stands unreversed and not appealed from."

The record before us contains the following recital as to the further progress of the proceedings in this cause: "Thereupon the court held that all matters passed upon in said former trial were *res judicata* so far as this case is concerned, that the complainant in this case and M. A. E. Meriwether were privies, and that all testimony introduced by complainant in regard to the administration of said estate prior to the trial of said former suit, to-wit, in April, 1886, is excluded from this case, and the defendant required and instructed to direct his testimony to matters that have transpired since the trial of said cause. To this the plaintiff objected and at the time excepted." The defendant thereupon did confine his testimony to such matters only, and the court, at the close of the hearing, dismissed the complaint.

The main error complained of on this appeal is, that the court erred in holding that the complainant was precluded by the judgment in the former suit from

inquiring into matters which were the subject of investigation in such suit, and adjudicated therein.

It seems that the trial court based its ruling on the view that the complainant and M. A. E. Meriwether were privies. This view was unquestionably erroneous. The complainant was in no sense the heir, devisee, legatee, assignee, grantee, or purchaser of M. A. E. Meriwether. There was no successive relationship of any kind between her and him so as to create a privity of interest or estate in the legal sense of said terms. But an untenable ground assigned for a correct conclusion does not render the conclusion erroneous, and the only question for our consideration is, whether the conclusion of the court arising upon the admitted facts is correct.

Judgments and decrees of probate courts having exclusive jurisdiction of any particular question touching the administration of estates of decedents are mostly in the nature of proceedings *in rem*, and as such conclusive against all the world. Where the matter is exclusively a private litigation the judgment or decree may have the force only of a judgment at common law *in personam*, but where it affects the control or management of the entire estate the rule is necessarily otherwise. Wells Res. Jud., secs. 425, 426 ; *Cecil v. Cecil*, 19 Md. 79 ; *Balkum v. Satcher*, 51 Ala. 82 ; *Steen v. Bennett*, 24 Vt. 303. In the case at bar the question was one which affected the care and custody of the entire estate, and, therefore, necessarily in the nature of a proceeding *in rem*.

Section forty-three, Revised Statutes, provides : "If any executor * * * become in anywise incapable or unsuitable to execute the trust reposed in him, or fail to discharge his official duties, or waste or mismanage the estate * * * the court, upon complaint in writing by any person interested * * * shall hear the complaint, and if it finds it just shall revoke the letters granted."

A proceeding under this statute is necessarily a proceeding *in rem*. If the executor is removed on complaint of any party interested, such removal, in the absence of fraud, is binding on all the world as a final adjudication of the fact that there was good ground for his removal. If the complaint upon full hearing is dismissed it is on the same principle an adjudication of the fact that no ground for his removal existed, and such adjudication is binding on all the parties interested in the estate in the absence of fraud or collusion. No claim of fraud or collusion was made in this case. Any contrary holding might subject an executor to constantly recurring harassing litigation, while in this holding there can be no hardship to any one. From a judgment in probate matters any party interested in the estate may appeal. If the present complainant was not satisfied with the former judgment, there was nothing to prevent his appeal. He was aware of the judgment. It is not disputed that it was brought about in part by his own testimony, as he was a witness on behalf of the executor. It does not appear that he was an infant or otherwise incapacitated; on the contrary, since the will which names him as residuary devisee bears date in 1865, and the trial of the last suit was held in 1886, it is a reasonable inference that he was not an infant at the date of the last trial.

Holding these views we must necessarily come to the conclusion that there was no error in so much of the court's ruling as holds that all matters *passed upon* in the trial of the case of M. A. E. Meriwether against the defendant could not be inquired into in this proceeding as furnishing ground for the removal of the executor. As an abstract declaration of law this was clearly correct. If matters transpiring after the institution of the former suit stood unconnected with the former administration, they would have to be examined and passed upon with the sole view of determining whether they, in themselves, furnished sufficient ground for the removal

of the executor. This, however, is not the case. Mat-
ters which transpired after the institution of the former
suit are so intimately connected and blended with mat-
ters transpiring before, that it is impossible to determine
their bearing on the conduct of the executor without
entering into an examination of the whole administra-
tion. To illustrate, the commissions for which the
executor took credit since, and for which he has taken
no credit in his prior settlements, might have been
regarded by the trial court as an offset for his failure to
charge himself with interest on moneys in his hands
belonging to the estate. His failure to charge himself
with the rents of the Aberdeen farm altogether might
have been held sufficiently explained at the former trial
by the fact that he was advised by the probate judge to
reserve that matter for his final settlement. As no evi-
dence of his management of that property was before the
court then, the court could make no finding, one way or
another, whether he had mismanaged that part of the
estate or with what sum he was properly chargeable by
reason of his occupancy. When, by his showing at the
last settlement, it appeared that that particular property,
consisting of eight hundred acres and more of culti-
vated lands, yielded to the estate during the defendant's
occupancy thereof for a period of twelve years only a
net aggregate of $833.32, or less than a rental of seventy
dollars per month, it became evident that the adminis-
tration of that particular property, from the very begin-
ning of the administration up to the date of its sale,
became a material inquiry in determining whether the
executor had violated his trust.

Under these circumstances we must conclude that
the court erred in excluding all testimony introduced by
complainant in regard to the administration of the
estate prior to the trial of the former suit, and that
matters transpiring before the institution of the former
suit are so intimately blended with matters transpiring
thereafter as to properly call for an inquiry into the

entire administration of the estate from the beginning until the institution of the present proceeding, as essential to the determination of a proper decree.

That this may be done the judgment of the trial court is reversed and the cause remanded.    PEERS, J., concurs ; THOMPSON, J., concurs in the result.