## LETHBRIDGE v. LAUDER.

ESTATES OF DECEDENTS—SPECIAL ADMINISTRATOR—JURISDICTION OF DISTRICT COURT IN PROBATE MATTERS—COLLATERAL ATTACK—PRESUMPTIONS—OBJECTIONS TO ADMINISTRATOR'S REPORT—APPEAL AND ERROR.

1. With the consent of the remaining administratrix, a co-administrator may be appointed in place of one discharged.
2. The fact that one appointed co-administrator to act with an administratrix in place of a discharged co-administrator is misnamed in the order as "special administrator" would not vitiate the appointment.
3. An objection that the appointment of a special administrator was made when there was no vacancy in the administration cannot be sustained on error, in the absence of a bill of exceptions, where the record proper fails to affirmatively disclose the alleged want of jurisdiction.
4. The District Court being a court of general jurisdiction, exercising original jurisdiction both at law and in equity and in all criminal cases, and probate matters, it will not be presumed on error that such court erred or acted in excess of its jurisdiction.
5. The recital of jurisdictional facts is not required in the orders and decrees of the District Court in probate proceedings.
6. The presumption of regularity that applies, upon collateral attack, to the proceedings of the District Court in other cases applies with equal force to its proceedings in probate matters.
7. An order granting letters of special administration cannot be held void in a collateral proceeding because it does not show the removal, suspension or resignation of the prior administrator.

8. On error from an order approving the report of a special administrator, and allowing his compensation, it must be presumed, in the absence of a contrary showing, that the jurisdictional facts existed authorizing his appointment.

9. *Held*, that the record fails to affirmatively disclose want of jurisdiction in the appointment of a special administrator.

10. An administratrix, representing personally and as guardian of minor children all the heirs of the estate, having consented to an order made in her presence appointing a special administrator to close up the estate, and having acquiesced therein until the settlement of the estate, cannot, to defeat the allowance of his compensation and accounts, complain of his appointment as void on the ground that she had not resigned, or been suspended or removed as administratrix, the rights of creditors not being involved.

11. The balance in the hands of the special administrator having been paid over to the heirs upon order of the court, it will be presumed, nothing to the contrary appearing, that all debts of the estate had been settled.

12. Whether the objections filed to the administrator's report, or what papers, if any, previously filed in the administration proceedings, are, in the absence of a bill of exceptions, part of the record on proceedings in error instituted to review an order allowing the accounts of the administrator, is expressly not decided.

[Decided May 9, 1904.]                    (76 Pac., 682.)

ERROR to the District Court, Uinta County, HON. DAVID H. CRAIG, Judge.

The material facts are stated in the opinion.

*J. H. Ryckman,* for plaintiff in error.

The administratrix and her co-administrator not having been suspended or removed, the appointment of a special administrator was void. (Schroeder v. Court, 70 Cal., 343; Pickering v. Wrighting, 47 Ia., 242; *In re* Palmer, 117 N. C., 133.) Defendant in error could not have been appointed administrator generally except upon the request of the widow. He seems to have been appointed at his own request. The statutory right to nominate (Sec. 4635) cannot be disregarded. (*In re* Dorris, 93 Cal., 611; 11

Ency. L., 777.) No right to nominate unless administration is vacant. (Carr's Estate, 25 Cal., 585.) The bond upon which the order was conditioned was not filed, and hence the appointee did not become even an administrator *de facto*. (Pryor v. Downey, 50 Cal., 388; Gray v. Cruise, 39 Ala., 559.) Appointment was not validated by approval of accounts. (Pryor v. Downey, *supra*.) The court disregarded the records and prior proceedings in the same case, which disclosed that there was no vacancy in the administration. (State v. Bates, 22 Utah, 65; Hallenback v. Schnabel, 101 Cal., 312; State v. Bowen, 16 Kan., 475; State v. Daugherty, 106 Mo., 182; Lanpear v. Mestier, 89 Am. Dec., 663, notes; Temple v. State, 49 Am. Rep., 201, notes.) The letters of special administration being void, compensation is not allowable, nor fees paid to attorneys. (*In re* Frey, 52 Cal., 658.) Motion for new trial was not necessary in this matter as a condition precedent to review. (Goyhinech v. same, 80 Cal., 409.) The order complained of is a final order under Section 4247, and appeal lies under Section 4249. An exception is not required to final judgments or orders. (Bank v. Buckingham, 12 O. St., 402; Justice v. Lowe, 26 id., 372; Koehler v. Ball, 2 Kan., 160.) The order having been made without jurisdiction, no preliminary motion to vacate in lower court was necessary. (R. Co. v. Lockbridge, 93 Ind., 191; Stonington v. States, 31 Conn., 214; Graves v. Smart, 76 Me., 294; Petty v. Duvall, 4 Greene (Ia.), 120.) The order must be reversed upon the record showing want of jurisdiction. (R. Co. v. Swan, 111 U. S., 379.)

*Hamm & Arnold,* for defendant in error.

Defendant in error duly filed his bond, which was approved. His appointment as special administrator followed a disagreement between Mrs. Lethbridge, the administratrix, and her co-administrator. Having removed from the state, as shown by the records, she became incompetent to serve as administratrix. (R. S., Sec. 4637.) The fact of

her non-residence was alleged in the petition for the appointment of the special administrator. Matters of fact are not considered in this court where all the evidence is not preserved. The presumption is that the District Court knew that the administratrix had removed, that her co-administrator had withdrawn, and that the administration was vacant.

POTTER, JUSTICE.

Louisa J. Lethbridge seeks on error the reversal of a judgment of the District Court approving the accounts of William Lauder as special administrator of the estate of William Lethbridge, deceased, and particularly the allowance of fees and commissions of said Lauder for his services and certain disbursements for attorney's fees. The sole ground upon which the allowances were or are opposed is that Lauder's appointment was made without jurisdiction, for the alleged reason that at the time of his appointment there was not a vacancy in the administration of said estate. It is contended that Mrs. Lethbridge, the plaintiff in error, who had been originally appointed as administratrix, was never removed from that office.

The papers before us disclose the facts of the case to be as follows:

William Lethbridge died intestate while a resident of Uinta County, in this state, in 1894, leaving surviving him as his sole heirs, his widow, Louisa J. Lethbridge, and some minor children. The said Louisa J. Lethbridge and one James Burdett were appointed to jointly administer upon the estate. They continued to act until September, 1898. The only report made by either of them that is before us was filed in April, 1895, and signed by them, and it is therein stated that Mrs. Lethbridge and family had removed to Ogden, in the State of Utah. It appears that on or about September, 1898, said Burdett, at least, made a report and asked to be discharged; but that report is not contained among the papers here. On September 15, 1898,

Mrs. Lethbridge signed and filed a petition praying the appointment of William Lauder, the defendant in error, as guardian of her minor children. In that petition it was set forth that said minor children were all residents of the State of Utah, and had no relatives in Uinta County, this state. Whether any order was made upon that petition, we are not properly informed. But it appears by a report made by Lauder in August, 1902, that he understood, and he so states, that an order was made, on the date of the filing of the petition, appointing him as such guardian, but that, not understanding that the order had required the execution of a bond by him as guardian, that duty had been neglected. It also appears that Mrs. Lethbridge was appointed guardian of said children in December, 1898, by the court in the State of Utah, where she and the children resided.

On September 24, 1898, said Lauder filed a petition asking his appointment as special administrator of the estate of William Lethbridge, deceased, for the purpose of assisting in closing up the affairs of said estate, collecting the moneys due, disposing of property and paying the sums collected to Louisa Lethbridge, guardian of said minor heirs, for them and for herself. It was set forth in that petition that James Burdett, one of the original administrators, had applied for an order discharging him, and that there was an unadministered estate amounting to $3,025, consisting in part of an indebtedness due to the estate from said Burdett, and *that there was no resident administrator to take charge of the same.* Thereupon on the same date letters of special administration were issued to him, the same reciting that James Burdett had filed his report and asked to be discharged. On the same date an order of the judge was entered appointing said Lauder special administrator for the purpose of assisting in closing up the affairs of said estate, and especially for the purpose of collecting, receipting for, and paying to Louisa Lethbridge the sum of $1,800, due the estate from James Bur-

dett, and taking the receipt therefor of said Louisa Lethbridge, administratrix and guardian, and filing the same with the court, and to collect another debt therein stated, also to dispose of any real estate belonging to the estate as may be ordered by the court.

On the same date, September 24, 1898, the court entered another order reciting that James Burdett was owing the estate $2,240, and that an agreement had been made between him and Louisa J. Lethbridge, whereby he was to make a cash payment of $1,500, and give his note for $300; that the court deemed such settlement to the best interest of the estate; that said Burdett had paid said $1,500 to the clerk of court, and made his note for $300, payable to William Lauder, as special administrator of the said estate; and that all of said things were agreed to by said Burdett and said Louisa J. Lethbridge; and it was thereupon ordered that the clerk pay to said Lauder, as special administrator, the $1,500 aforesaid, and deliver him said note; and that thereupon said Burdett should be released from any liability on said indebtedness.

Whether any other order was entered regularly discharging Burdett as administrator does not appear. No complaint, however, is made by plaintiff in error on that ground. It is clear that he did not continue to act.

Lauder qualified under his appointment as special administrator by taking the required oath and giving bond on the date of his appointment, and evidently continued to act until he filed his final report, in August, 1902, to the allowance of which the exceptions now before us were interposed. Those exceptions were to the effect that Lauder was not special administrator, and that his pretended appointment was void for the sole reason already stated, viz. that Mrs. Lethbridge had not been removed as administratrix. The exceptions were heard by the court and overruled, and the report and accounts of the special administrator were approved. It appears that he had made at least one other report, viz: in 1899. And it is not shown that any objections were then or at any time interposed to that report.

A number of receipts given by Mrs. Lethbridge to Lauder, as special administrator aforesaid, for money turned over to her by him, were returned by him to the court as vouchers; and among them is one dated December 20, 1898, acknowledging the receipt of $477.25 from "W. Lauder, special administrator of the estate of William Lethbridge, deceased," signed by Mrs. Lethbridge for herself, and as guardian of the persons and estates of her minor children. It is unnecessary to specify the other similar receipts. There are several of them dated during 1901 and 1902. And among the vouchers appears a letter from Mrs. Lethbridge, dated December 16, 1901, addressed to Mr. Lauder, requesting him to pay a certain sum of money to a mercantile firm in Evanston, Uinta County, for goods that they had sent to her. She also inquired in that letter whether Mr. Murray had done anything "in regard to that money," Murray being the name of the other debtor of the estate mentioned in the order appointing Lauder as special administrator.

There is no bill of exceptions, and hence what evidence was heard by the court, if any, in disposing of the objection to Lauder's report and account is not disclosed. The matter before us is submitted entirely upon certain papers filed and orders entered in the matter of the administration of said estate. There is no showing whatever that until the coming in of the final report, in August, 1902, Mrs. Lethbridge, or any other person, objected to Lauder's appointment, or to any of his acts as special administrator. On the contrary, it is clear that Mrs. Lethbridge, both on her own behalf and as guardian of the other heirs, acquiesced in Lauder's acting under his appointment for the period of four years intervening between his appointment and final report, and that she recognized his authority. There is also strong ground for believing that she consented to his appointment. The order of the court has been referred to confirming a settlement of Burdett's indebtedness to the estate, which recited that the matters therein set out were agreed to by Mrs. Lethbridge, and one of those matters was

that the note for the deferred payment was made to Lauder, as special administrator. And, again, there is not the slightest indication that, after the appointment of Lauder, Mrs. Lethbridge acted in any manner, or exercised any authority, or attempted to do so, or claimed the right to act as administratrix of the estate. It is true that she is referred to in one of the orders of September 24, 1898, as administratrix, but that might have intended to refer to her appointment in that capacity in the State of Utah, or some other jurisdiction.

If it was the intention to appoint Lauder in Burdett's place, we are not aware of any rule that would have prevented his appointment as co-administrator with Mrs. Lethbridge with her consent. In such case, the fact that he was misnamed special administrator would not, we think, have been so material as to vitiate the appointment. But let the case be considered upon the theory that the appointment of Lauder was strictly that of a special administrator. The fact that the appointment was made upon the petition of Lauder himself is not, we think, of much consequence. It appears that he regarded himself as guardian of the minor heirs, and in that capacity he was interested in a proper administration of the estate; and as Mrs. Lethbridge had but a few days previously suggested his appointment, we are inclined to view the proceeding as the result of an understanding between them. At any rate, she did not then object to his right to file the petition.

In the absence of a bill of exceptions, the error assigned must be sustained, if at all, upon the record. It is required by statute that the plaintiff in error shall cause to be transmitted to this court, by making proper application to this court for an order therefor, all such original papers in the case, and a transcript of all such journal entries, as he may desire and as may be necessary to exhibit the error complained of. (Laws 1901, Ch. 3, Sec. 1.) Certain papers and entries were, in the manner prescribed, brought into the record here; and, on request of defendant in error, a

number of other papers and entries deemed essential to a consideration of the case have been also transmitted to this court and filed in this proceeding. It does not appear that the record thus made up in this court comprises all the papers filed or the orders made or entered in the court below in the matter of said estate. The clerk's certificate authenticates those that are here, as merely all those that have been demanded. Neither is there any affirmative showing that Mrs. Lethbridge was not removed or superseded in her functions or office as administratrix. Hence, for all that the papers and orders disclose, she may have resigned or been removed or suspended; and ample ground therefor appears, since she had removed from the state several years before Lauder was appointed, and continued to remain a non-resident. And, moreover, her failure to act as administratrix, or attempt to do so, or to object to the appointment of another, might authorize the inference, if necessary, that she had been removed or had resigned.

It is not the duty of the appellate court to presume error on the part of the District Court, or that such court acted in excess of its jurisdiction. The District Court is a court of general jurisdiction. It is a court of record, exercising original jurisdiction both at law and in equity, as well as in all criminal cases, and also as to all matters of probate. (Const., Art. V, Sec. 10.) And the statute vests in such court exclusive jurisdiction of all matters relating to the probate and contest of wills, the granting of letters testamentary and of administration, and the settlement and distribution of the estates of decedents. (R. S., Sec. 4531.) And, recognizing the character of that court as a court of superior jurisdiction, the statute declares it unnecessary for its orders and decrees in probate proceedings to recite the existence of facts, or the performance of acts, upon which the jurisdiction of the court or judge may depend, and that all orders and decrees shall be entered at length on the proper journal of the court. (R. S., Sec. 4542.) There is no reason, therefore, why the presumption that applies, upon

collateral attack, as to the regularity of the proceedings of
that court in other cases, should not apply with equal force
to its proceedings in probate matters. Since probate juris-
diction is by our constitution and statutes vested in the Dis-
trict Court, it is not necessary to consider the character of
the jurisdiction generally of specially created probate courts.
But it may be said that, by the great weight of authority
in this country, such courts are not regarded as courts of
limited jurisdiction so as to render their decrees open to
collateral attack. It is quite generally held that a decree
of such courts cannot be attacked collaterally for want of
jurisdiction, unless the same appears on the face of the pro-
ceedings, or because of any error or irregularity, but the
decree, if not totally void, is conclusive on collateral attack
so long as it remains in force. (11 Ency. L. (2d Ed.), 785,
and cases cited; Johnson v. Beazley, 65 Mo., 250; 1 Woer-
ner on Law of Administration, Sec. 145.) Judge Woerner
says: "If it be found that the tribunal is one competent to
decide whether the facts in any given matter confer juris-
diction, it follows with inexorable necessity that, if it de-
cides that it has jurisdiction, then its judgments within the
scope of the subject matter over which its authority ex-
tends, in proceedings following the lawful allegation of
circumstances requiring the exercise of its power, are con-
clusive against all the world, unless reversed on appeal, or
avoided for error or fraud in a direct proceeding. It matters
not how erroneous the judgment; being a judgment, it is
the law of that case pronounced by a tribunal created for
that purpose. To allow such judgment to be questioned or
ignored collaterally, would be to ignore practically, and
logically to destroy, the court. And it is not necessary that
the facts and circumstances upon which the jurisdiction
depends shall appear upon the face of their proceedings,
because, being competent to decide, and having decided,
that such facts exist by assuming the jurisdiction, this mat-
ter is adjudicated and cannot be collaterally questioned."

It is clear that the order granting letters of special ad-
ministration cannot be held void in a collateral proceeding,

because it does not show the removal, suspension or resignation of the prior administrator.   In addition to the general presumption of regularity attaching to the orders of the court, the statute expressly dispenses with the necessity of a showing of facts essential to jurisdiction by recital in the order or decree.   (R. S., Sec. 4542; Green's Adm'r. v. Scarborough, 49 Ala., 137.)   And in the absence of showing to the contrary, it must be presumed that the facts existed authorizing the court to appoint the special administrator. (Green's Adm'r. v. Scarborough, *supra;* Rogers v. Johnson, 125 Mo., 202; Oakes v. Estate of Buckley, 49 Wis., 592; Steen, Adm'r., v. Bennett, 24 Vt., 303; Willis v. Ferguson, 59 Tex., 172; Gray, Adm'r., v. Harris, 43 Miss., 421.)   It follows that if the various papers brought up in this case upon the mere certificate of the clerk that they were filed in the administration proceedings from time to time may be properly considered by us, without a bill of exceptions or any showing that they were employed in evidence on the hearing of the objections to the administrator's final report and account, neither such papers nor any of the orders before us disclose affirmatively that Mrs. Lethbridge had not resigned or had not been removed or suspended. But we think they do show, if not conclusively, at least by very strong inference, that the appointment of Lauder was made with the consent and in the presence of Mrs. Lethbridge; and as she was and is the only party interested, representing in herself and as guardian all the heirs of the estate, and having also been the administratrix, and the rights of creditors not being involved, she is not in a position to complain of such appointment on the grounds alleged. (Oakes v. Estate of Buckley, 49 Wis., 592.)   Upon the allowance of the administrator's account, the balance in his hands was ordered paid to Mrs. Lethbridge, and that was done, and it is, therefore, to be presumed that all debts of the estate had been settled.   It would seem most unjust and unreasonable to permit the plaintiff in error, after consenting to the appointment, and acquiescing therein for four

years until the affairs of the estate were settled, to defeat the allowance of a reasonable amount to the administrator for his services upon the sole ground set up in her protest.

We have not considered and do not decide whether the objections filed by plaintiff in error, or what papers, if any, previously filed in the administration proceedings, are, in the absence of a bill of exceptions, part of the record on proceedings in error instituted upon the overruling of the objections of plaintiff in error to the allowance of the accounts of the administrator. The point was not presented or discussed by counsel, and the plaintiff in error is not prejudiced by a consideration of all the papers that have been submitted.

The judgment will be affirmed.            *Affirmed.*

CORN, C. J., and KNIGHT, J., concur.