October Term, 1905.

# RICE ET AL. v. TILTON.

Probate Proceedings—Jurisdiction—Executors and Administrators—Probate of Will—Proceeding—Notice of Hearing—Collateral Attack—Presumptions—Appointment Without Notice Not Void, but Voidable—Allowance of Disbursements and Commissions to Administrator After Revocation of Appointment—Expenses Allowable—Attorney Fees—Traveling Expenses—Repairs—Vouchers—Prejudicial Error—Practice.

1. The District Court is a court of general jurisdiction possessing exclusive jurisdiction in probate matters. Its orders need not recite jurisdictional facts, and the presumption of regularity that applies upon collateral attack to its judgments in other cases applies with equal force to probate proceedings.

2. The District Court of the county wherein is situated property of a decedent who died out of the state and was not a resident thereof has jurisdiction over the probate of the will of such decedent, and to grant letters testamentary, or of administration with the will annexed, as the case may require.

3. The facts set out in a petition for the probate of a will of a non-resident who died out of the state, and for the appointment of the petitioner as administrator with the will annexed are mentioned, and held sufficient to authorize the appointment of an administrator with the will annexed.

4. A proceeding for the probate of a will, or for the grant of letters of administration, is in the nature of a proceeding in rem.

5. The fact that copies of the notice of hearing for the probate of a will have been mailed to or personally served upon the resident heirs, and the person named in the will as executor, if he be not the petitioner, as required by law (Rev. Stat. 1899, Sec. 4577), need not be shown upon the record; that is a fact to be ascertained by the court, judge or commissioner from the proof made at the hearing, where the parties do not appear, as required by Section 4579.

6. If the record of the probate of a will and the appointment of an administrator with the will annexed shows nothing as to the service of copies of notice of hearing to the resi-

dent heirs and executor named in the will, it would be presumed upon collateral attack that the necessary proof was made to. authorize the hearing and the order of the court in the premises.

7. Where the order admitting a will to probate, and appointing an administrator with the will annexed, recites that due proof was made that notice had been duly given and published of the time of proving the will according to law, and for hearing the petition, to all parties interested, the contrary cannot be presumed or shown upon collateral attack; but the order, until set aside in a proper proceeding for that purpose, is valid and binding upon all persons, notwithstanding an irregularity in fact in the giving of notice.

8. An order by the proper court granting letters testamentary or of administration without the statutory notice will not make the order void *ab initio;* but such defect is an irregularity merely, for which the letters may be revoked. Such an order is not subject to collateral attack.

9. Where the District Court, having jurisdiction, admitted a will to probate and appointed the petitioner administrator with the will annexed, as prayed in the petition, reciting in the order that proof had been made of the giving of due notice of the hearing, and the appointment was afterwards revoked by such court on the application of the executors named in the will, upon a showing that copies of the notice of hearing had not been mailed to or served upon them as required by law; *Held,* that the appointment was not void *ab initio,* but should be treated as valid until it was annulled, and that the administrator, having acted in good faith, was entitled to credit upon the settlement of his accounts for such reasonable disbursements and commissions as are allowable by law to an executor or administrator with the will annexed.

10. An executor or administrator is entitled to credit upon his account for reasonable fees paid to an attorney for services rendered him in his capacity as executor or administrator which has been paid in good faith.

11. The attorney to whom fees have been paid by an administrator testified that the same were paid for services rendered the administrator in consultations, advice and in proceedings relating to the administration of the estate, that the charges for which the payments were made were reasonable and below the ordinary charges for the work performed strictly for the estate; *Held,* that, as there was no dispute

in the evidence upon that point, and the matter rested entirely upon the testimony of the attorney, the trial court was justified in holding that the fees were paid out in matters strictly involving the business of the estate.

12. Reasonable disbursements of an executor or an administrator for attorney fees, so far as made for legal advice, are to be regarded as expenses in the care, management and settlement of the estate, and allowable as such under Section 4710, Revised Statutes of 1899.

13. An executor or administrator is entitled to necessary and reasonable traveling expenses incurred in transacting the business of the estate.

14. The fact that a house would eventually become the property of the administrator with the will annexed as an heir is not a valid objection to the allowance upon the account of such administrator of credit for disbursements for repair of the house, where it had not legally passed to him, but had been inventoried as property of the estate, and the administrator had charged himself with the rents.

15. The statute authorizing the allowance to an executor or administrator of such reasonable sum as may be paid to a surety company for becoming surety upon his bond, it is no objection to the allowance of such an expense that the appointment of the executor or administrator was afterwards revoked for an irregularity in making the same, where it was valid until revoked, and the bond was expressly continued in force by the order revoking the appointment.

16. Section 4721, Revised Statutes of 1899, requiring an executor or administrator, in rendering his account, to produce and file vouchers for all charges, debts, claims and expenses which he has paid prescribes the manner of proving payments made by him out of the trust funds, and, in ordinary cases, should be followed; and it is error to allow expense items in the account of an administrator not accompanied by vouchers, where there is no reasonable explanation of their non-production.

17. Where it is necessary to disallow credits for disbursements claimed by an executor or administrator in his account, because of the non-production of vouchers, the credits so disallowed may be permitted to be brought into a subsequent account, and, upon proper proof, may be then allowed.

18. The allowance of the account of an executor or administrator, or of certain items therein, without proper vouchers will

not constitute error prejudicial to interested parties who consented to the allowance thereof.

19. Where, upon exceptions to the report and account of an administrator, checks of the administrator, appearing to have been signed by him as such, were offered and received in evidence as vouchers for certain disbursements without objection, the excepting parties are not in a position to complain on error of the allowance of such disbursements on the ground that the checks did not constitute proper vouchers.

[Decided November 6, 1905.]            (82 Pac., 577.)

ERROR to the District Court, Carbon County, HON. DAVID H. CRAIG, Judge.

Exceptions to the account of William E. Tilton as administrator with the will annexed of Chauncy B. Tilton, deceased. From an order allowing the account the exceptants prosecuted error. The facts are stated in the opinion.

*McMicken & Blydenburgh,* for plaintiff in error.

The first appointment of the administrator being void, he is not entitled to receive compensation or expenses incurred during the period that he acted under the void appointment. The appointment was clearly void. (Charlesbois v. Bourdon (Mont.), 12 Pac., 775; Floto v. Floto (Ill.), 72 N. E., 1092; *In re* Fry, 52 Cal., 658; Succession of McDonough, 7 La. Ann., 472; Succession of Miller, 27 La. Ann., 574; *In re* Baker, 35 Hun, 272.) The burden is on the executor or the administrator to show that attorney fees are reasonable, and that the services charged for were necessary and proper services to be charged against the estate. (Brandon v. Hoggatt, 32 Miss., 335; St. John v. McKee, 2 Dem., 236; *In re* Peyser, 5 Dem., 244; *In re* Swart, 53 Hun, 635; *In re* Arkenburgh, 35 N. Y. Supp., 251; Johnson v. Henagan, 11 S. C., 93; Pearson v. Darrington, 32 Ala., 227; Jenks v. Terrel, 73 Ala., 238; Munden v. Bailey, 70 Ala., 63; Pate v. Maples, 43 S. W., 740; *In re* Nockin's Estate, 15 N. Y., 731.) Attorney's fees for securing the appointment as executor or administrator or

to contest the matter of heirship, etc., are not proper charges against an estate. (Wilbur v. Wilbur, 50 Pac., 589; Cate v. Cate, 43 S. W., 365; Simmon's Estate, 43 Cal., 543; Byrnes Estate, 54 Pac., 957; Caldwell's Adm'r. v. Hampton, 53 S. W., 14; McAlphins Estate, 8 Ohio C. P., 654; Rois v. Battle, 39 S. E., 287; Dorris v. Miller, 75 N. W., 482; Deitrich Appeal, 2 Watts, 332; Edwards v. Ela, 5 Allen, 90; *In re* Paison's Estate, 3 Pac., 817; *In re* Glynn Estate, 58 N. W., 684; McClennand v. Bristow, 35 N. E., 197; Wakefield v. Gilleland (Ky.), 18 S. W., 768; Barton's Appeal, 18 Atl., 902; Polhemus v. Middleton, 37 N. J. Eq., 240; Aldridge v. McClelland, 36 N. J. Eq., 290; McKinney v. Watson, 8 S. & R. (Pa.), 347; Jennison v. Hapgood, 10 Pick. (Mass.), 77; Fluck et al. v. Lake, 35 Atl. Rep., 643; Matter of Hosford, 50 N. Y. Supp., 550; Matter of Colyer, 9 N. Y. Supp., 297; Robbins v. Wolcott, 27 Conn., 234; Morrow v. Allison, 39 Ala., 73; Matter of Bailey, 27 Hun, 477; Withers Appeal, 13 Pa. St., 582; Prior v. Davis, 109 Ala., 117 (19 So., 140); Matter of O'Brien, 40 N. E., 18; Clark v. Eubank, 18 Ala., 584; Alexander v. Bates, 28 So., 415.) In the main the items of expense were not accompanied by proper vouchers and on that ground alone should have been disallowed.

*N. R. Greenfield* and *Van Orsdel & Burdick,* for defendant in error.

It would seem that the only object of the statutory notice in the proceeding for the probate of a foreign will is that all interested parties may be heard upon the selection of a suitable person to act as executor or administrator. In the case at bar the fact that the will was made or the capacity of the testator could not have been impeached. (*In re* Levy's Will, Tuck., 20.) The appointment of the defendant in error which was set aside will be held to have been one as special administrator rather than void; and there is nothing which would have prevented his appointment as special administrator under the statute, and the petition alleged facts sufficient for such an appointment. (Rev. Stat. 1899,

Secs. 4639, 4640; Lethbridge v. Lauder, 13 Wyo., 9.) The order of revocation directed the administrator to continue in possession of the property of the estate and his bond so continued in force until the further order of the court. The order, therefore, was a conditional one and cannot be considered as a discharge of the administrator. (Dean v. Court, 63 Cal., 473; Erngren v. Groulond, 19 Utah, 411; State v. Court, 13 Wash., 25.) Certainly from the time of the revocation until the new appointment of the defendant in error he was acting as special administrator, and his appointment as such must be held to have legalized all his former acts, even though the first appointment should be held to have been void rather than voidable. (Woerner on Adm., Secs. 173, 184.) All acts done in good faith by the administrator previous to the revocation of his appointment are valid. (Rev. Stat., Secs. 4611, 4619; Sampson v. Sampson, 64 Cal., 330; Fitch v. Miller, 20 Cal., 383; Stevenson v. Bassett, 9 Leigh, 119; Andrews v. Avery, 14 Gratt., 236; Monell v. Dennison, 17 How. Pr., 426; Brown v. Brown, 7 Pr., 285.) And he should be reimbursed for all money expended for the benefit of the estate. (Meek v. Allison, 67 Ill., 46; Brown v. Hill, 27 Miss., 44; Schwecke v. Mathias, 8 Mo. App., 561; Kittredge v. Folsom, 8 N. H., 98; Foster v. Brown, 1 Nailey, 221; Price v. Nebit, 1 Hill Eq., 445; Appeal of Potts (Pa.), 3 Walk., 135; Bradford v. Boudinot, Fed. Cases N. 1765; Woods Admin. v. Nelson Ex'r., 49 Ky., 229; Glass v. Ramsey, 9 Gill., 456; Edwards v. Ela, 87 Mass., 87; Ralston v. Telfair, 22 N. C., 414.) And should be allowed attorney's fees and compensation, which compensation will be within the sound discretion of the court. (Sec. 4710, Rev. Stat. Wyo.; *In re* Osborn's Estate, 36 Ore., 8; Scarborough v. Watkins, 50 Am. Dec., 526, and notes; Merrill v. Moore, 40 Am. Dec., 60, and notes; Gasq's Estate, 42 Cal., 288; Hannahs v. Hannahs, 68 N. Y., 610; *Ex parte* Carter, 27 Ark., 532; *In re* Niles, 58 Hun, 608; Halladay's Estate, 18 Ore., 168; Appeal of St. Clair, 15 Atl., 914; App. of Harbester, 125 Pa. St., 307; Levinson's Estate, 108 Cal., 450.) Where

the administrator testifies to the correctness of his account, and it is probable that the expenses were incurred, and it appears that a voucher could not, from the nature of the case, be conveniently obtained, the same should be allowed, although no voucher is presented. (Rev. Stat., Sec. 4721; Estate of Rose, 80 Cal., 166; Walls v. Walker, 37 Cal., 425.) The administrator is entitled to attorney fees and costs of the original probate proceeding as well as his traveling expenses. Most of these expenses were caused by the interference of the executors. (McCully v. Cooper, 46 Cal., 82; Perrin v. Appelgate, 14 N. J. Eq., 531; Est. of Hilliard, 83 Cal., 423.) The only purpose of a voucher is to prove payments and disbursements, and by the failure of the executors to deny that the items charged in the account were actually paid, such payment is to be deemed admitted; and the admission of payment waives the necessity of filing vouchers, so far as the complaining executors are concerned. (Estate of Coursen, 133 Cal., 19.)

No grant of administration should be held void if the circumstances and the law in any respect justify sustaining its validity. An appointment without proper notice to interested parties is voidable only, and all the acts of the administrator under such an appointment are valid, so far as the parties are concerned; the lack of notice may be waived by appearance and consent to the proceedings. Since, therefore, the executors here complaining might have appeared and waived notice, the order cannot be held void, but merely voidable. (White v. Willbaun, 39 Ill., 365; Shepherd v. Rhoads, 60 Ill., 301; 1 Williams on Executors, 17, 720; Odell v. Rogers, 44 Wis., 136; 1 Black on Judgments, 175; Chilton v. R. R. Co., 8 Utah, 47; 11 Ency. L. (2d Ed.), 786.) As a general rule, subsequent administration validates all the prior acts of an administrator or an administrator *de son tort*. (1 Williams on Executors, 116, 320; Head v. Sutton, 31 Kan., 616; Alvord v. Marsh, 12 Allen, 603; Rattoon v. Overasker, 8 Johns., 126; Matter of Falkner, 71 Hill., 182; Emery v. Berry, 28 N. H., 473; Dearborn v. Mathes, 128 Mass., 194; Hatch v. Proctor,

102 Mass., 351; Ohmsted v. Clark, 30 Conn., 108; Autlaw
v. Farmer, 71 N. C., 31; Wagner v. Ryan, 19 Mo., 196;
McDearmon v. Maxfield, 38 Ark., 631; Stagg v. Green,
47 Mo., 500.)

POTTER, CHIEF JUSTICE.

This is a proceeding for review of an order of the Dis-
trict Court of Carbon County approving two reports of
William E. Tilton, as administrator with the will annexed
of Chauncey B. Tilton, deceased. The two reports taken
together presented a complete statement of the receipts and
disbursements of such administrator, under an appointment
made November 30, 1901, which was revoked April 4, 1903,
for the reason that proper notice of the hearing upon the
application for such appointment had not been given to the
executors named in the will. The plaintiffs in error, who
are the executors named in the will, and were appointed as
such in Massachusetts, where the will was first probated,
filed exceptions to the reports challenging the right of the
administrator to receive credit for his alleged disburse-
ments, or to compensation for his services. With two minor
exceptions the court allowed the administrator's account and
credited him with the statutory commission upon the
amount of money collected. This is assigned as error.

The chief objection urged against the right of defendant
in error to credit for commissions or disbursements is that
he was acting under a void appointment; and the question
thereby presented is whether the failure to give the statu-
tory notice to the executors named in the will of the hearing
upon the application of defendant in error for the probate
of the will, and his appointment as administrator with the
will annexed, rendered such appointment void, or deprived
the administrator who acted under the appointment of any
right to commissions or credit for expenses and disburse-
ments.

The application of defendant in error, upon which he was
appointed, was filed November 2, 1901, and alleged that
the testator died a resident of Massachusetts, leaving real

and personal estate in Carbon County, in this state; that he left a will with a codicil attached which had been probated in Massachusetts, and the plaintiffs in error (naming them), all of that state, had been duly appointed by the proper court in that state as executors, but that more than six months had elapsed since their appointment, and they had failed to qualify in this state; that the applicant was the only surviving heir of the testator in this state, the only other heir being the applicant's mother, and the testator's widow, residing in Massachusetts; and that the condition of the property in Carbon County required the immediate appointment of some competent and qualified person to care for it. With such petition was presented an exemplified copy of the will, and the order of the court in Massachusetts admitting the same to probate. It appears that a time was fixed for a hearing upon the petition and a notice thereof was published in a newspaper in Carbon County, but a copy thereof was neither mailed to nor personally served upon either of the foreign executors. The order, however, admitting the will to probate, and appointing defendant in error as administrator with the will annexed, recites that the petition came on regularly to be heard, and that due proof was made that notice had been duly given and published of the time of proving the will, according to law, and for hearing said petition, to all parties interested.

The defendant in error qualified as such administrator, as required by law, gave the prescribed bond, and entered upon the discharge of the duties of such trust, continuing to discharge such duties until the revocation of his appointment, and the annulment of the order of appointment, at the time above mentioned. June 6, 1902, the foreign executors, plaintiffs in error here, filed a petition for the revocation of such appointment and for the issuance to them of letters testamentary, resulting in the revocation aforesaid.

It, however, incidentally appears, though all of the subsequent proceedings are not in the record, that letters testamentary were denied plaintiffs in error, and defendant in

error was again appointed administrator with the will annexed. (See Rice v. Tilton, 80 Pac., 828.) And, by the order revoking his former appointment, he was expressly ordered to continue in possession of the estate in his hands, until a hearing thereafter upon the probate of the will, his bond to remain binding, and to make a final report of all his proceedings. The report made in response to that order is one of the reports in controversy. In the order approving the reports the defendant is referred to as his own successor.

The statute requires notice of the hearing for the probate of a will to be given by the clerk of court by publishing the same in a newspaper of the county, or, if there be none, by three written or printed notices, posted at three of the most public places in the county; the period of publication or posting before hearing being also prescribed. (Rev. Stat. 1899, Sec. 4576.) Copies of the notice must be addressed to the heirs resident in the state, if known to the petitioner, and deposited in the postoffice, with the postage prepaid, at least ten days before the hearing. If their places of residence be not known, such copies may be addressed to them, and deposited in the postoffice at the county seat of the county where the proceedings are pending. A copy of the same notice must in like manner be mailed to the person named as executor if he be not the petitioner. Proof of mailing the copies of notice must be made at the hearing. Personal service of copies is declared to be equivalent to mailing. (Id., Sec. 4577.)

Section 4579 provides: "At the time appointed for the hearing, or the time to which the hearing may have been postponed, the court, judge or commissioner thereof in vacation or recess, unless the parties appear, must require proof that the notice has been given, which being made, testimony must be heard in proof of the will." Another provision of the statute authorizes the institution of a contest of the probate of a will, or the will itself, at any time within one year after probate. (Id., Sec. 4607.) And if, upon such contest, it shall be decided that the will is invalid, or not

sufficiently proved, the probate must be annulled; and thereupon the powers of the executor or administrator with the will annexed must cease; but it is declared that he shall not be liable for any act done in good faith previous to the revocation. (Id., Secs. 4610, 4611.)

Now, the District Court is a court of general jurisdiction, and possesses exclusive jurisdiction in probate matters. (Id., Sec. 4531; Const., Art. V, Sec. 10.) Its orders need not recite jurisdictional facts. (R. S. 1899, Sec. 4542.) The presumption of regularity that applies upon collateral attack, to its judgments in other cases, applies with equal force to probate proceedings. (Lethbridge v. Lauder, 76 Pac., 682.)

The decedent having died out of the state, and not having been a resident thereof, but leaving property within it, situated in Carbon County, the District Court in that county had jurisdiction of the probate of the will, and to grant letters testamentary, or of administration with the will annexed, as the case might require. (R. S. 1899, Sec. 4530.) And the facts set forth in the petition of the defendant in error, of November, 1901, authorized the appointment of an administrator with the will annexed. (Id., Secs. 4574, 4583, 4628, 4629; Rice v. Tilton, 80 Pac., 828.)

A proceeding for the probate of a will or for the grant of letters of administration is in the nature of a proceeding in rem, and is generally so regarded. (1 Woerner on Adm., Secs. 148, 263; 1 Abbott's Prob. L., Sec. 357; In re Davis Est., 136 Cala., 590; 69 Pac., 412; 2 Black on Judg., Sec. 808.) It has, therefore, been held in California, from which state our probate code is taken, that there is no constitutional objection to the statute providing for notice to non-resident heirs merely by publication or posting. (In re Davis Est., supra.) And, further, that the publication of notice gives the court jurisdiction over the persons of non-resident heirs as fully as would be given by service of summons in an ordinary civil action. (Curtis v. Underwood, 36 Pac., 110.)

Service of a copy of the notice was not required upon the heir residing in Massachusetts; and as to her there existed no imperfection in the proceedings. She was bound by the published notice. No distinction is made, however, as to service of a copy of notice, between resident and non-resident executors; and it may be conceded that plaintiffs in error were entitled to service of such copy, in addition to the publication, and that without such service, in the manner pointed out by the statute, they would not be bound. But not being bound, what was their remedy? Could they have attacked collaterally the order probating the will and appointing the administrator with the will annexed, or were they confined, in the presentation of their objection, to a direct proceeding to vacate the order and revoke the appointment? If the order was absolutely void it might have been attacked collaterally, but if merely voidable it would be presumed valid until set aside in a direct proceeding for that purpose.

We think the order was not void, but merely voidable. The executors might have appeared and thereby waived the irregularity as to notice. But the fact that notice was mailed or personally served is not required to be shown upon the record. That is a fact to be ascertained by the court, judge or commissioner, from the proof made at the hearing, when the parties do not appear. Had the record shown nothing as to such service, it is clear that the presumption would follow that the necessary proof was made to authorize the hearing and the order of the court in the premises; and as the order recited that proof of notice was made, the contrary could not have been presumed or shown upon collateral attack. (*In re* Twombley's Estate (Cal.), 52 Pac., 815; *In re* Griffith, 84 Cal., 107.) The order was, therefore, to all intents and purposes, until set aside, as valid and binding upon all persons as though there had been no irregularity in the matter of notice.

This conclusion is in accord with authority upon the subject. It is generally held that an order by the proper court granting letters testamentary or of administration, without

the statutory notice, will not make the order void *ab initio,* but that such defect is an irregularity merely, for which the letters may be revoked; and the order is not subject to collateral attack. (1 Woerner on Adm., p. 564; Sheldon v. Wright, 7 Barb., 39; Barclay v. Kimsey, 72 Ga., 725; James v. Adams, 22 How. Prac., 409; Ramp v. McDaniel (Ore.), 6 Pac., 456; Kelly v. West, 80 N. Y., 139; Griffith v. Frazier, 8 Cranch. (U. S.), 9; Hymen v. Gaskins, 5 Ired. L., 267; Baldwin v. Buford, 4 Yerg. (Tenn.), 16; Coltart v. Allen, 40 Ala., 155.) The appointment of defendant in error, under the order of November 30, 1901, must, therefore, be treated as valid until it was annulled in the proceeding brought for that purpose; and the administrator, having apparently acted in good faith, will be entitled to credit for his reasonable disbursements and commissions, so far as the same are allowable by law to an executor or administrator with the will annexed.

The court allowed the defendant in error the sum of $269.25 as commission upon money collected by him on behalf of the estate, and no objection is made to that allowance except the general objection above considered that he was acting under a void appointment. As that objection cannot be sustained, the administrator must be held entitled to his commissions; and no reason is pointed out why the allowance made is not reasonable and just, and in compliance with the statute upon that subject, there having been collected $2,692.25. (R. S. 1899, Sec. 4712.)

An allowance to the administrator for attorney fees paid out by him is objected to upon the specific ground that some, if not a considerable portion, of the services of the attorney were rendered to the administrator for his individual benefit, in his contest with the executors on the petition for the revocation of his appointment, and in a proceeding instituted by him to require the execution of certain conveyances and other instruments under the will, in which he was personally interested as heir. Clearly the administrator would not have been entitled to reimbursement out of the estate for fees paid to an attorney for services rendered, not to the

estate, but to himself personally; and it may be conceded that the estate would not be liable for services rendered the administrator in opposing the petition for the revocation of his appointment, which proceeding was decided adversely to him, nor for services rendered in the other proceeding above referred to brought by the administrator in his own behalf. A careful inspection of the evidence, however, has failed to convince us that the credits claimed for the attorney fees come within the objection. We think the trial court was justified upon the proof in holding that the fees were paid out in matters strictly involving business of the estate. The attorney to whom the money had been paid testified that the services were rendered the administrator in consultations, advice, and in proceedings relating to the administration of the estate; and that he had made no charge to the administrator for his services in the proceedings above mentioned involving the administrator's personal interest. He further testified that the charges were reasonable and below the ordinary charges for the work he had performed strictly for the estate; and there is no dispute in the evidence on that point. The matter rests entirely upon the testimony of the attorney both as to reasonableness and the services for which the payments were made. It seems that, without presenting itemized bills, he submitted a charge from time to time which was paid. We understand the effect of his testimony to be that the money paid him, included in the credits claimed in the administrator's report, was in satisfaction of his work for the administrator on behalf of the estate; and that for his services in the two proceedings specially mentioned above, he had made no charge, and might not make any.

The statute requires that an executor or administrator shall be allowed all necessary expenses in the care, management and settlement of the estate, including reasonable fees paid to attorneys for conducting the necessary proceedings or suits in courts. (R. S. 1899, Sec. 4710.) It appears that considerable time had elapsed after the probate of the

will in Massachusetts without any attempt on the part of the foreign executors named in the will to probate the same, or secure an administration of the estate, in this state, and the case contains intimations that the work of the administrator was considerably impeded or interfered with by the executors, making frequent consultation with counsel necessary, and requiring the bringing of foreclosure proceedings against certain debtors of the estate.    At any rate there can be no doubt that such frequent consultations occurred, and that certain foreclosure suits were commenced, and the testimony is that it was all necessary, or at least that such was the belief of the administrator.   An executor or administrator is entitled to credit upon his account for reasonable fees paid to an attorney for services rendered him in his capacity as executor or administrator, which have been paid in good faith.   He is entitled upon important matters, or where he is in doubt as to his right or duty, to secure the advice of competent counsel learned in the law.   That right is a protection not only to him, but to the estate, and there is nothing in the statute denying it.   (2 Woerner on Adm., Sec. 515.)   Such reasonable payments will come under the head of expenses in the care, management and settlement of the estate, so far as made for legal advice; and legal services in court proceedings are specially mentioned in the statute.   Executors and administrators are not usually learned in the law, and, as probate proceedings are conducted in the District Court, the services of an attorney become generally indispensable.   Moreover, there is no reason for requiring such an officer in the exercise of his important trust to depend upon his own knowledge or judgment relative to his rights and duties, or to pay for the necessary advice from his own funds, unless specially so provided by statute.

The account includes a number of relatively small items of expense incurred upon different occasions by the administrator in traveling away from his home to collect money from those indebted to the estate, or endeavoring to make

collection, and a few items of expense incurred in traveling to and from the county seat, where the court was held. One such item was disallowed on the ground that the business on the occasion involved was personal to the administrator. The remaining items were allowed, and this is objected to as erroneous upon the ground, as we understand, not only that such expense was not shown by proper vouchers, but that it was not an expense chargeable to the estate.

It seems that the administrator lived at some distance from the county seat, and that in going there and returning he necessarily paid out money for stage and railroad fare, hotel bills, and also for the care of his team at the point where he took the stage. The objection as to lack of vouchers will be considered later, confining present attention to the right to credit for expenses of that nature.

An executor or administrator is entitled to necessary and reasonable traveling expenses incurred in transacting the business of the estate. (*In re* Rose's Est., 80 Cal., 166 (22 Pac., 86) ; 11 Ency. Law, 1233-1235 ; 2 Woerner on Adm., Sec. 514.) Therefore, upon a proper showing of an actual· expenditure of money for such a purpose, and the necessity and reasonableness thereof, credit therefor should be allowed. None of the items covering traveling expenses are accompanied with vouchers of any kind, nor was there anything, by way either of written or oral evidence, to explain the charges, other than the general statement of the administrator, when testifying as a witness, that he expended a certain amount on a particular trip. As the charge for each trip was made in a lump sum, he should be required to identify and explain the payments entering into the charge. This doubtless might be accomplished by the production of vouchers, showing each payment. But, in the absence of such vouchers, the explanation as to the amount actually expended, and the reasonableness thereof, does not appear to us to be very satisfactory. It is unnecessary, however, to say more as to such expense until we reach the question of vouchers, for, as will be seen, none of it was properly allowable upon the present showing.

The administrator was also allowed credit for certain disbursements for the repair of a house. The allowance of these disbursements is objected to on the ground that, under the will, the house was to become the property of the administrator, as an heir. That objection is not well taken. The conveyance had not been made, which we understand was required by the will. The property was inventoried and accounted for as property of the estate, and the administrator charged himself with the rents, which amounted to as much, at least, as the sum expended for repairs. There had been no order, so far as disclosed, transferring dominion over the property to the administrator individually, nor does it appear that there had been distribution of any of the estate. Upon proper proof of reasonable disbursements for such repairs, the amount should be allowed.

Objection is made to the allowance of an amount paid by the administrator to a surety company who became the surety upon his bond. The statute expressly authorizes an executor or administrator to include as a part of the lawful expense of executing his trust such reasonable sum as may be paid to a company, authorized under the laws of this state to do so, for becoming surety upon his bond. (R. S. 1899, Sec. 2621.) The objection now urged, however, is that the expense is not chargeable to the estate in view of the subsequent revocation of his appointment on the ground of its irregularity. We do not think the objection a sound one. The appointment was valid until revoked, and, by the terms of the order revoking the appointment, the bond was continued in force.

Finally, it is objected that for many of the expense items charged in the account, and allowed the administrator, vouchers were not produced. The statute provides: "In rendering his account, the executor or administrator must produce and file vouchers for all charges, debts, claims and expenses which he has paid, which must remain in the court; and he may be examined on oath touching such payments, and also touching any property and effects of the

decedent, and the disposition thereof. When any voucher is required for other purposes, it may be withdrawn on leaving a certified copy on file; if a voucher is lost, or for other good reason cannot be produced on the settlement, the payment may be proved by the oath of any competent witness, or of the executor or administrator." (R. S. 1899, Sec. 4721.)

As stated above, no vouchers were produced for any of the traveling expenses, and the only explanation of the absence of such vouchers was that none were taken. The same infirmity exists as to some of the other disbursements that were allowed. The section of the statute above quoted seems to be reasonably plain, and to prescribe the manner of proving payments made by an executor or administrator out of the trust funds in his hands, and, in ordinary cases at least, should be followed. (Estate of Rose, 63 Cal., 349; *In re* Coursen's Est. (Cal.), 65 Pac., 965; *In re* Hilliard's Est. (Cal.), 23 Pac., 393; Walls v. Walker, 37 Cal., 424; 99 Am. Dec., 290.) There seems to have been significantly omitted from our statutes a provision of the California code allowing an item of expenditure not exceeding twenty dollars to be allowed, without a voucher, if it is supported by the uncontradicted oath of the administrator positive to the fact of payment, specifying when, where and to whom the payment was made; the aggregate of such allowances not to exceed five hundred dollars. (Est. of Rose, 63 Cal., 349.)

It may be that a payment might be made under such circumstances as to render the taking of a voucher practically impossible, and we do not hold that a payment so made could not be proven and allowed, in the absence of a voucher, if positively shown and identified. Such a case is not here presented. It does not appear that vouchers could not have been procured. Indeed, the administrator testified that he could probably still obtain them. It is not apparent, nor is it to be presumed, that it was impossible to procure vouchers for stage or railroad fare, livery or hotel bills, or

payments made for use of telephone. There are several small items for telephoning between the administrator and his attorney, and the only explanation of the absence of vouchers for such expense is the failure to take them. As to an item of three dollars paid for certain repairs, it was explained that the payment was made out of doors in cash in cold weather, and hence no voucher was taken. It is not, however, explained why the parties could not have resorted to some convenient place to prepare a voucher, nor why one could not have been subsequently procured. We fail to discover any reasonable explanation for the nonproduction of vouchers as to any disbursements not shown thereby.

Returned checks of the administrator, appearing to have been signed by him as such, were offered and received in evidence as vouchers for some of the disbursements, without objection; and plaintiffs in error are, therefore, not in a position to complain in this proceeding in error that they do not constitute proper vouchers. Where the interested parties consent to the allowance of an administrator's account, or to certain items therein, there will be no error prejudicial to them in allowing the same. (*In re* Coursen's Est. (Cal.), 65 Pac., 965.) Without deciding, therefore, whether the checks would have been admissible as vouchers, had objection been interposed, they will be treated as vouchers.

It follows that the expense items not accompanied by vouchers should have been disallowed, and that as to that part of the allowance the judgment must be reversed. But it does not follow that they may not hereafter be allowed upon a further showing. The administrator should be permitted to bring such items into a subsequent account, and, upon proper proof, they may be allowed. The judgment as to the items allowed upon vouchers will be affirmed.

The credits allowed the administrator upon his account will, therefore, be affirmed to the extent of $1,127.59. That amount is made up as follows: Commissions, $269.25; at-

torney fees, $600. Court costs: November 30, 1901, $33.85; March 3, 1902, $5.00; January 2, 1903, $25.00. Appraisers, $21.00; premium on bond, $87.80; J. J. Rowen, for services, February, 1902, $10.00. Repairs: For lumber, two items, $8.60 and $28.00; for carpenter work, $27.00. Taxes, three items, $5.96, $5.38 and $0.75. The judgment will be reversed as to the remainder of the expenses and disbursements charged in the account, with directions to the District Court to allow the administrator to bring the same forward in a future account, for proof and allowance.

BEARD, J., concurs.