MARY M. DAVIDEK

*Plaintiff and Appellant*

vs.

Wyoming Investment Company, Percy Spatz, Eva E. Spatz, Chas. H. Wunnicke, doing business as Mountain Motors, and Mountain Motors, Bessie J. Wunnicke and C. J. Leslie, as Administrator with the Will Annexed of the Estate of Chas. H. Wunnicke, Deceased

*Defendants and Respondents.*

(No. 2758; March 26th, 1957; 308 Pac. (2d) 941)

For the plaintiff and appellant, the cause was submitted upon the brief of Oliver W. Weber, Boulder, Colorado and J. J. Hickey of Cheyenne, Wyoming; oral argument by Mr. Weber.

For the defendants and respondents, the cause was submitted upon the brief of Ray E. Lee of Cheyenne, Wyoming.

Heard before Blume, C. J., and Harnsberger and Parker, J. J.

## OPINION

Mr. Justice HARNSBERGER delivered the opinion of this court.

This case was formerly before this court by an appeal from a judgment upon the pleadings in favor of the defendants. Davidek v. Wyoming Investment Company, Wyo., 291 P.2d., 1072. In reversing that judgment the cause was "remanded for trial upon the issues joined upon the plaintiff's amended petition and the defendants' answer thereto or such further proceedings in the trial court as are not inconsistent with this opinion." The parties evidently elected not to plead further and the cause was tried to the court without a jury. As plaintiff's amended petition was set forth at length in the previous opinion of this court, supra, it is considered unnecessary to include it here.

Defendants' answer substantially denied the allegations of plaintiff's amended petition, although it admitted that the statute relating to giving notice of time and place of proving a will was as pleaded (§ 6687 C.S. 1920, now § 6-209 W.C.S. 1945); that plaintiff's mother, Ellen V. Goldacker, owned the property at the time of her death; all matters shown by the probate file of Ellen's estate; the contract of August 2, 1932; and successive transfers of the property to other defendants.

The court found generally for the defendants; that plaintiff wholly failed to prove her case; that the will of Ellen, as probated, vested title to the property in Elizabeth; that Elizabeth conveyed the premises to Eva E. Spatz and title to the property was vested in her grantee and its successor in interest. Upon these findings the court gave judgment that plaintiff take nothing, and it was affirmatively adjudged that defendants had not been guilty of any fraud, misrepresentation or misconduct.

Plaintiff seeks to reverse, asserting (1) the judg-

ment was contrary to and not sustained by evidence and was contrary to law; (2) the court erred in denying plaintiff a jury trial.

Briefly stated the facts are as follows. Plaintiff's grandmother, Ellen Goldacker, died May 28, 1920. At her death she owned and possessed the property plaintiff seeks to recover. Plaintiff's mother, Lillian Brunstrom, and plaintiff's aunt, Elizabeth Goldacker, were the sole heirs at law of Ellen, and the Plaintiff is the sole heir at law of Lillian and Elizabeth, both of whom were deceased when this suit was brought. A petition for probate of Ellen's will and for Elizabeth's appointment as executrix was filed by Elizabeth following Ellen's death. After reciting the names, ages and residences of other persons whom the petitioner was advised and believed to be heirs at law of Ellen, the petitioner added these words, "and, if she is living, of which your petitioner has no definite knowledge, though she believes that she is not living, their (the persons whose names had been set forth) mother, Lillie Goldacker Brunston" (evidently referring to Lillian Brunstrom). Ellen's will was admitted to probate and Elizabeth was appointed and qualified as executrix. Thereafter she filed her final report and petition for distribution in which it was set forth that Elizabeth was the sole devisee under Ellen's will and was also the sole heir at law of Ellen. The probate court found Elizabeth was Ellen's sole legatee and devisee and also her sole heir at law, and decreed and distributed the property to Elizabeth. On October 1, 1931, she leased the property for a period of ten years with reserved rental of $40 per month and granted the lessee option to renew and also option to purchase at a price to be agreed upon. On August 2, 1932, Elizabeth contracted to sell the premises to her lessee on the following

terms: The purchaser to pay all taxes, water rent, light bills and liens against the property and $20 per month to Elizabeth during her life ;Elizabeth to execute a deed to the purchaser, place the same in escrow with delivery to be made to the purchaser upon Elizabeth's death. On the last page of this contract there was an assignment of the contract from Elizabeth's lessee to Eva E. Spatz, one of the defendants herein. This assignment was executed August 2, 1932 and probably because the assignment was made the same day as the contract, Elizabeth executed her warranty deed direct to the assignee, Eva E. Spatz. When Elizabeth died in March 1948, the escrowed deed was turned over to Eva E. Spatz, who with her husband, Percy Spatz, quitclaimed to Wyoming Investment Company which, in turn, conveyed by warranty deed to Chas. H. Wunnicke and Bessie J. Wunnicke.

These facts, together with other evidence in the record, consisting of signed receipts showing the stipulated monthly payments had been regularly made to Elizabeth up to the time of her death; receipts showing taxes had been paid in accordance with the provisions of the contract of August 2, 1932, coupled with the absence of evidence showing any breach of this contract, clearly support and sustain the court's judgment.

Plaintiff seems to rest her contention that the judgment was contrary to law, upon her assumption that because she had claimed the probate court made "false recital of 'due notice to all persons interested' ", a burden had devolved upon defendants to prove by some other evidence than the court's findings that such notice had in fact been given; and that if this further proof was not made, the title to the property would pass by inheritance through Lillian and Elizabeth to

the plaintiff. That theory is unsound. Not only is such an attack upon the validity of the probate court's decree collateral and consequently of no avail, but, in any event, it would be the plaintiff's burden to prove the probate court's findings were false and to establish as a matter of law that failure to give the notice was fatal to the probate of the will.

This court has previously made pronouncements on this subject which we are disposed to regard favorably. In Rice v. Tilton, 14 Wyo. 101, 111, 112, 82 Pac. 577, 578, 579, where the plaintiffs named in the will as executors complained they were not given the statutory notice of time and place of proving the will, the court said:

"* * * the district court is a courtof general jurisdiction, and possesses exclusive jurisdiction in probate matters. Id. § 4531; Const. art. 5 § 10. Its orders need not recite jurisdictional facts. Rev. St. 1899, § 4542. The presumption of regularity that applies upon collateral attack to its judgments in other cases applies with equal force to probate proceedings. Lethbridge v. Lauder, 13 Wyo. 9, 76 Pac. 682."

and further in the same case:

"* * * The executors might have appeared and thereby waived the irregularity as to notice. But the fact that notice was mailed or personally served is not required to be shown upon the record. That is a fact to be ascertained by the court, judge, or commissioner from the proof made at the hearing, when the parties do not appear. Had the record shown nothing as to such service, it is clear that the presumption would follow that the necessary proof was made to authorize the hearing and the order of the court in the premises; and, as the order recited that proof of notice was made, the contrary could not have been presumed or shown upon collateral attack."

This has equal force with respect to notice to heirs and was so accepted in Harris v. Schoonmaker, 50 Wyo. 119, 136, 137, 138, 139, 58 P.2d. 415; 60 P.2d 360, where the notice to an alleged heir was in issue. Still more recently in Hartt v. Brimmer, 74 Wyo. 356, 366, 367, 287 P.2d 645, this court voiced its continued agreement with what it had earlier said. Aside from these judicial interpretations, § 6-2701, Wyoming Compiled Statutes 1945, expresses the legislative view as follows:

"Orders and decrees made by the court, or a judge thereof, in probate proceedings, need not recite the existence of facts, or the performance of acts, upon which the jurisdiction of the court or judge may depend, but it shall only be necessary that they contain the matters ordered or adjudged, except as otherwise provided in this chapter. * * *"

Even if a direct proceeding had been brought for the purpose of proving the falsity of the probate court's findings and nullifying the decree of distribution by voiding the probate proceeding, that of itself would profit the plaintiff nothing, unless she went farther and proved that the document which had been offered as the last will of Ellen was not in fact her last testament or that it was invalid or otherwise insufficient to pass the property's title to her devisee, Elizabeth. A will is not destroyed because of any insufficiency or error occurring in its probate.

Plaintiff wants to be adjudged the owner of the property, to have her title thereto quieted, and those in possession ejected. She seeks to do this by having the deeds of Elizabeth and her grantees cancelled. She has not shown herself in possession nor possessed of any title nor even to have any color of title. She contends there was a fraud upon Elizabeth which should

vitiate the deed Elizabeth escrowed in fulfillment of the contract of August 2, 1932, yet she trys to destroy the title Elizabeth received by devise. She advances the novel theory that the will of the deceased can be invalidated or at least be disregarded in this collateral attack upon the proceedings for its probate, and claims she possesses a title to the property received by inheritance from Ellen through her mother and aunt. She maintains the falsity of the probate court's recitals and findings is proved by the fact that Elizabeth had stated she did not know whether Lillian was dead or alive, although she believed her to be dead, when there was some evidence which, plaintiff believes, tended to show Lillian was at the time an inmate of the Wyoming State Hospital. Aside from the fact that we must presume the trial court found adversely to that contention, this evidence does not prove Elizabeth knew Lillian's whereabouts at the time Elizabeth filed her petition. It does not disprove that a proper notice was mailed to Lillian in the manner provided by statute, nor that adequate proof of these facts had been submitted to and accepted by the probate court. Neither is there any evidence to challenge the correctness of the court's finding that Elizabeth was the sole devisee and the sole heir at law of Ellen. At the time these findings were made it could be that the court should have made these findings. It is not claimed the proper publications of the required notices were not made. In fact, § 6-2309 W.C.S. 1945, and the statute which it amended, Laws 1939 ch. 107, § 1, makes conclusive the presumption that such notices were published. By those publications notice was given to the whole world. See authorities quoted in Harris v. Schoonmaker, supra. The notice placed a duty upon all heirs at law or their representatives to come forward and make known their heirship. Failing to do this, the court was relieved from speculation about possible unasserted heirs and like-

wise required the court to make an adjudication in accordance with the facts before it. Although this may in some cases result in an injustice to an heir who was under disability, in this instance we are saved from that possibility. Even if Lillian had been living at the time the will was admitted to probate and she had appeared or had been represented at the proceedings for probate of Ellen's will, there is nothing in this record to indicate the will would not have been admitted to probate or that the property would not have been distributed to Elizabeth in compliance with the devise to her. There is nothing before us to show that plaintiff wanted to contest the will or that there is any reason to suspect there would be any merit in such a contest.

Finally, as the plaintiff has neither submitted to us any persuasive authority nor any precedent to substantiate any of her claims or theories as to why the judgment of the lower court was not sustained by and was contrary to the evidence and to the law, the same are rejected.

With respect to plaintiff's second contention, her first demand for a jury was a written request made some fourteen days after plaintiff filed her reply to the original answer of only three of the defendants. This request was not accompanied with a deposit of twelve dollars ($12) as is required by § 3-2422 W.C.S. 1945, the applicable portion of which is as follows:

"4. It shall be the duty of the defendant, if he desires a jury trial, at the time of filing his answer, and of the plaintiff, if he desires a jury trial, at the time of filing his reply, or if no reply be required, then within the time in which a reply is permitted, to file with the clerk of the court a demand in writing for a trial by jury, and a failure to make such demand, accompanied

with a deposit of twelve dollars ($12.00) as a jury fee, shall be deemed a waiver of a trial by jury. * * *"

Plaintiff's only other demand was made at the commencement of the trial when plaintiff's counsel made an oral request for a jury but, again, the demand was not accompanied by a tender of the required deposit. The failure to comply with our statute regarding demand for jury and its waiver, is sufficient to justify the court's refusal of a jury.

Furthermore, when the court granted permission for plaintiff to plead over and plaintiff filed an amended petition to which all defendants made answer, it became somewhat doubtful whether or not it was then incumbent upon plaintiff to make further request for a jury if she still desired one. At least, with the filing of new pleadings she was given further opportunity to make proper demand and accompany it with the required fee within the time when she might have made reply to defendants' new answer. This was not done.

It is also doubtful whether in this type of action the plaintiff was entitled to a jury at all. The appellant says her action is one "primarily for ejectment and the cancellation of deeds" and, therefore, she has a right to a trial by jury. She gives as her authority a statement in 18 Am. Jur. § 116, pp. 93, 94, to the effect that as ejectment is an action at law usually triable by jury, when it is joined with an action for cancellation of deeds, the issues of fact are triable by jury because the action is primarily for recovery of real estate. The only case cited in support is Likowski v. Catlett, 130 Okla. 71 265 P. 117, 57 A.L.R. 517 where it was said that *under an Oklahoma statute*, issues arising in an action primarily for the recovery of real estate, were triable by jury. Plaintiff does not,

however, mention the further statement appearing in 9 Am. Jur. § 64, p. 402, which says "An action to cancel or rescind an instrument or contract is an equitable remedy, triable in equity only. Consequently, there is no right to a jury trial." Nor does plaintiff call attention to the fuller statement which appears in 31 Am. Jur. § 21, pp. 570, 571, as follows:

"In determining whether a particular proceeding is legal, so that a right to jury trial exists with respect to it, or whether it is equitable, so that no such right of jury trial exists with respect to it, the courts are not bound by the pleadings or the form of the action. The right must be determined by the real, meritorious controversy between the parties, as shown by the whole case. If it is essentially of an equitable nature, or if some essentially equitable remedy is invoked, no right to jury trial exists. Otherwise, the right to jury trial does exist. In determining the essential character of the suit or remedy within this rule, the entire pleadings and all the issues raised are to be examined, and not merely the plaintiff's declaration, complaint, or petition, or his evidence. In most jurisdictions, the distinctions between the pleadings and modes of procedure in commonlaw actions and those in equity suits are abolished, yet the essential distinction between law and equity remains, and the relief which the law affords must be administered through the intervention of a jury, unless the jury is waived, while the relief which equity affords may continue to be applied by the court itself. * * *"

In opposition to plaintiff's contention, the defendants-respondents, although agreeing that the action is one "to cancel deeds and for ejectment", assert that the action is nonetheless an equitable action in which plaintiff was not entitled to a jury trial and they quote from 50 C.J.S. § 31, p.p. 746, 747, as follows:

"A suit to cancel or set aside or to reform an instrument is within the jurisdiction of equity, and in such

suits there is no right to a jury trial. Thus there is no right to a jury trial in a suit to have a deed, absolute on its face, declared a mortgage, except where the constitutional right to a jury trial applies to equity as well as to law cases. The right to a jury trial is not involved where additional relief, such as a money judgment, a judgment quieting title to, or awarding possession of property, or foreclosing a mortgage, is also demanded, where such additional relief is merely incidental to, and dependent on, the cancellation or reformation of the instrument."

Many authorities are cited sustaining this position and there is included in the additional authorities noted in the 1956 Cumulative Annual Pocket Part to 50 C.J.S. § 31, p. 746, Goodson v. Smith, 69 Wyo. 439, 243 P.2d 163, 244 P.2d 805. There this court seems to agree that in cases which are not exclusively or strictly speaking either actions at law or suits in equity where the general rule may be applied to determine whether or not a jury is demandable, the answer will depend upon the setting in which the issues are framed. See also Pacific Indemnity Co. v. McDonald, CCA Or. 107 F.2d 446, 131 A.L.R. 208. The setting in this case primarily requires that the decree of distribution made in the probate of Ellen's estate be first set aside. As pointed out, this may not be done in this action but, if it could, it would require the interposition of equitable principles in order to obtain the desired result. It would likewise require the application of equitable principles to cancel Elizabeth's and her grantee's deeds. The primary relief sought could only be granted upon equitable principles. We are, therefore, disposed to hold that in this case a jury was not demandable as a matter of right.

As we find no error in the judgment of the court below, the same is affirmed.

Affirmed.